## Burk's Appeal.

75  141
23 SC ³296

75  141
29 SC ¹248

75  141
216  ¹214

1. A purchaser is entitled to have a contract for sale of land specifically executed so far as the vendor can, and to have an abatement from the purchase-money for any deficiency in the title, quantity or other matter touching the estate.

2. A husband contracted to sell land, the wife refused to join in the deed, there being no collusion with her husband. *Held,* that the vendee could not compel specific execution by the husband alone and retain part of the purchase-money as indemnity against the wife's contingent claim for dower.

3. A purchaser from a husband takes the risk of the wife joining in the deed or his action against the husband for damages.

4. Specific execution of an agreement to sell land will not be decreed against a vendor, a married man whose wife refuses to join in the deed, unless the vendee be willing to pay the full purchase-money and accept the deed without the wife.

5. The purchaser having proposed in open court to accept a deed from the vendor alone and pay the purchase-money, the case was remitted that the court below might make such decree.

6. Clark *v.* Seirer, 7 Watts 107; Riesz's Appeal, 23 P. F. Smith 485, followed.

January 19th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Appeal from the Court of Common Pleas of *Delaware county*: In Equity: Of January Term 1873, No. 214.

The bill in this case was filed February 20th 1871, by William D. H. Serrill against Joseph E. Burk, to compel specific execution of the following contract:—

"In consideration of the sum of fifty dollars this day received

from William D. H. Serrill, I do hereby promise and agree for myself, my heirs, executors and administrators, to and with the said William D. H. Serrill, to grant and convey to him, his heirs or assigns, in fee simple, by a good and sufficient deed, clear of all encumbrances, all that certain tract of land with the appertenances, containing about fifty acres, situate in Ridley township, Delaware county, and on which I now reside, for the sum of five hundred dollars per acre, subject to measurement, do on my being requested at any time within sixty days from the date hereof, hereby agree to convey the said premises to the said William D. H. Serrill. The conditions are (if they should be taken) two-thirds cash, the remaining one-third bond and mortgage, secured on the premises, payable in one year.

"Witness my hand and seal this 14th day of July, A. D. 1870.

JOSEPH E. BURK." [SEAL].

The plaintiff averred the payment of the $50, the consideration of the contract; due notice to defendant that he elected to take the land according to the terms of the contract, his tender of two-thirds of the purchase-money, and of a bond and mortgage for the remaining third; the refusal of defendant to accept the money and the securities, and execute the deed.

The defendant answered :—

1. In the month of August 1870, he informed the plaintiff personally, that he, the defendant, declined specifically to perform the said contract.

2. At the time of the execution of the paper of July 14th 1870, the defendant was a married man, and had a wife, Rebecca T. Burk, living, of which fact the plaintiff was then aware. She is still living, and declines to join in the execution of a deed for the said real estate. He cannot therefore convey the same clear of encumbrances.

3. Ann P. Horne, widow of Aaron Morton, who was a former owner of the said real estate, is entitled to the interest of about $2300, annually, during her life, and the principal is at her death payable to the heirs of the said Aaron Morton, which said sum is a lien on the said real estate, and cannot be discharged during the life of the said widow.

A replication was filed, and A. Lewis Smith, Esq., appointed master. He found the facts substantially as set out in the bill and answer. He further found :—

* * * "On August 18th 1870, the plaintiff called upon the defendant for his title papers, in order to make an examination of the title, and prepare a deed for the premises. The defendant at first temporized, stating that the papers were in the possession of his attorney at Media, but refused to give an order for them, and finally told plaintiff that he was not going to convey the property,

[Burk's Appeal.]

as his wife would not sign the deed, and expressed a willingness to pay back the fifty dollars mentioned in the contract. This was the first notice which plaintiff received that defendant did not intend to convey. * * *

"On the day the contract was signed, the defendant informed his wife of what he had done, and she thereupon declared that she would not sign the deed, and has continued to maintain that position to the present time. The defendant himself, in his testimony, states that his unwillingness to execute a deed to the plaintiff has been, and is, because his wife refuses to join in its execution, and that if she were now willing to execute it, he would be willing to execute it also, although in point of fact, he has never directly asked her to join him in it. No evidence, however, was given to satisfy the master that Mrs. Burk withholds her consent through collusion with her husband. * * *

"At the hearing before the master, the plaintiff asked for specific performance of the contract to the extent that the defendant was able to perform it, with compensation for the encumbrance of the dower of Aaron Morton's widow, and indemnity against the estate of the wife of the defendant.

"The defendant contended that as it would be impossible to carry out the contract by reason (1st), of the dower of Morton's widow in the premises, and (2d), of the refusal of his wife to join, the effect of such a decree as asked for would be: 1. That the court would be making a new contract between the parties, and—2. That it would be attempting to enforce a contract in which there was no mutuality—for it was freely admitted that the defendant could not have enforced this contract against the plaintiff.

"The question of making compensation for the dower of Morton's widow was not seriously contested, and it seems that while it is questionable whether the plaintiff could have been compelled to take the property with this encumbrance, even *with* compensation, it is well established that he might compel a conveyance, and have the allowance out of the purchase-money. * * *

"The main and real question raised before the master, was whether in the case of a wife's refusal to join in a deed of her husband's land, the purchaser may have specific performance so far as the husband is concerned, with indemnity—which is a species of compensation adapted to cases of contingent encumbrances—against the dower of the wife." * * *

After an exhaustive examination and discussion of the authorities, the master reported, "That the defendant, Joseph E. Burk, should be decreed to convey to the plaintiff such title as he can convey, and that the plaintiff be indemnified out of the purchase-money against the dower of said defendant's wife." * * *

The defendant filed exceptions to the report.

25 P. F. SMITH—10

[Burk's Appeal.]

The court (Butler, P. J.) confirmed the report and made the following decree :—

"That the defendant, Joseph E. Burk, within thirty days from the date of this decree, execute and deliver a deed of conveyance to the plaintiff, in fee simple, of the real estate, &c.

"2. That the plaintiff, upon receiving such deed, pay to the defendant, Joseph E. Burk, two-thirds of the purchase-money, deducting so much of the money due to the heirs of Aaron Morton, deceased, as shall not at that time be paid off.

"3. That at the same time, the plaintiff execute and deliver his bond and mortgage of the said realty, to the said Joseph E. Burk, for the other one-third of the purchase-money aforesaid, conditioned as follows :—

"For the payment of the interest thereof, half-yearly, to the said Joseph E. Burk, during the coverture of Rebecca T. Burk, the present wife of the defendant, or until such time during said coverture, as the dower of the defendant's said wife be duly released to the plaintiff, his heirs or assigns.

"For the payment of the principal to the said Joseph E. Burk, upon such release of his said wife's dower in the said premises, or upon her death during his lifetime, and for the payment of said principal and accrued interest to the executors, administrators or assigns of the said defendant upon his said wife surviving him, and thereafter executing such release of her dower as aforesaid, after first deducting thereout whatever sums, if any, the plaintiff, his heirs or assigns, shall have then paid for any arrears of such dower up to the time of such release.

"In case the said wife of the defendant shall survive him and claim and receive her dower or thirds as his widow in the said realty, then the said bond and mortgage, and the debt or moneys thereby secured, to be subject to the direction and further order of the court for the further indemnity of the plaintiff, his heirs and assigns, or for his or their compensation in respect to such dower as the court shall deem proper, and any residue thereof not used for such purpose to be paid to the executors, administrators or assigns of the said Joseph E. Burk."

The defendant appealed to the Supreme Court, and assigned the decree for error.

*W. Darlington*, for appellant.—Equity will not enforce a contract which involves a wife's volition in regard to her property : Brightly's Eq., sect. 222 ; Emery *v.* Wase, 8 Ves. 505 ; Howel *v.* George, 1 Mad. 16 ; Clark *v.* Seirer, 7 Watts 110 ; Riddlesberger *v.* Mentzer, Id. 142 ; Shurtz *v.* Thomas, 8 Barr 363 ; Fisher *v.* Worrall, 5 W. & S. 486 ; Bitner *v.* Brough, 1 Jones 128 ; Hanna *v.* Phillips, 1 Grant 253 ; Weller *v.* Weyand, 2 Id. 103 ; Corson *v.* Mulvany, 13 Wright 88 ; Tatham *v.* Lewis, 15 P. F. Smith

[Burk's Appeal.]

65.  As a general principle, chancery will not compel the specific performance of a contract in favor of a vendee, unless the vendor could compel *him* to convey.  It must be mutually binding: Brightly, sect. 216, and cases there cited.  Specific performance will not be decreed if the effect is a *substantial deviation* from the contract: Halsey *v.* Grant, 13 Ves. 73.  No compensation is given for a defect which was obvious to the senses, or one of which the vendee was in fact apprised: Clark *v.* Seirer, 7 Watts 107.  If a man chooses to contract for the estate of a married woman, or an estate subject to dower, he knows the property is hers, altogether, or to a given extent.  Courts cannot compel indemnity to be given.  Where any deficiency in certain events arises as to the extent or duration of an interest in an estate contracted to be sold, not admitting of compensation, equity can neither compel a purchaser to take, nor a vendor to give indemnity: Balmano *v.* Lumley, 1 Ves. & Bea. 225; Paton *v.* Brebner, 1 Bligh 66; Powell *v.* South Wales Railway Co., 1 Jur. N. S. 773; Aylett *v.* Ashton, 1 Myl. & C. 105; Bainbridge *v.* Kennaird, 32 Beav. 396.

*J. B. Townsend*, for appellee.—This form of decree is not one which in letter or spirit, injuriously affects the wife.  She is left with her rights unaffected.  It is warranted by the precedents: Wilson *v.* Williams, 3 Jurist, N. S. 810; Young *v.* Paul, 2 Stockt. Ch. 401; Fry on Specific Perf., s. 810; Law Library, vol. 100, p. 236; Milligan *v.* Cooke, 16 Ves. 1; Halsey *v.* Grant, 13 Id. 73; Clark *v.* Seirer, 7 Watts 107.

The opinion of the court was delivered, March 23d 1874, by

Mercur, J.—This bill was filed to enforce performance of an agreement in writing made by the appellant, to sell and convey to the appellee, certain lands in fee simple, clear of all encumbrances.  It appears there was an encumbrance of a small sum on the land, in favor of the widow and heirs of a former owner.  This was unknown to the appellee at the time the contract was executed.  The encumbrance still remains.

The general rule is well settled, that the purchaser, if he chooses, is entitled to have the contract specifically performed so far as the vendor can perform it; and to have an abatement out of the purchase-money, or compensation for any deficiency in the title, quantity, quality, description or other matters touching the estate: Story's Eq., sect. 779.  This encumbrance comes within the general rule.  So far then as the decree of the court below directed the amount of that encumbrance to be deducted from the contract price, we discover no error.

The important question in the case arises under other facts.  It appears that the appellant, at the time of the execution of the contract, had a wife, which fact was then known to the appellee; that

she is still living, and declines to join in the execution of a deed for a conveyance of the land. The master reported, and the court below decreed, that the appellant execute a deed in fee simple of the land, but that one-third of the purchase-money be withheld until the death of the wife, or until her right of dower should be released.

Thus the question is presented whether, in case of the refusal of a wife to join in a deed with her husband conveying his land, in pursuance of his contract, the purchaser may have specific performance, so far as the husband is concerned, and be indemnified against the contingent claim of dower of his wife, by retaining a portion of the purchase-money.

When the contract was executed by the appellant, it was suggested to him that his wife should also sign it. He replied in substance that it was unnecessary, as she was a woman who never meddled with his business. That she allowed him to do as he pleased in such matters, and would do whatever he should say. Afterwards, upon the same day, the appellant informed his wife what he had done. She thereupon declared she would not sign the deed, and has continued to persist in that refusal. The master has found that no evidence was given to satisfy him that the wife withheld her consent through collusion with her husband.

The wife then has not said or done anything which compels her to unite in the fulfilment of her husband's contract. She has not executed and duly acknowledged any written instrument by which she is bound, as the wife had done in Dankel *v.* Hunter and Wife, 11 P. F. Smith 382. Nothing less than that would bind her: Glidden *v.* Strupler, 2 P. F. Smith 400. The letter and policy of the law forbid a wife to convey her interest in land otherwise than by the exercise of her own free and untrammelled will. A purchaser by contract from her husband, must be presumed to know this essential requisite, and, therefore, that he takes the risk of the wife's uniting in the deed, or of his common-law right of action for damages against the husband. It may be answered that the appellee does not ask for a decree that the wife join in the deed; but only that one-third of the purchase-money be retained to indemnify the vendee against her contingent claim, and that, therefore, her free will is not constrained.

The specific performance of a contract in equity is of grace, not of right. It rests in the sound discretion of the chancellor. In an action of ejectment by a vendee against a vendor, to compel the specific performance of a contract for the sale of land, the plaintiff cannot recover, if the defendant be a married man and his wife refuses to sign the deed: Clark *v.* Seirer, 7 Watts 107; Hanna *v.* Phillips, 1 Grant 254; Weller *v.* Weyard, 2 Grant 103.

It was said by Gibson, C. J., in Clark *v.* Seirer, *supra*, "it seems to be at last settled on principles of policy and humanity,

that equity stirs not to enforce a contract which involves in it a wife's volition in regard to her property, and it seems strange to us now, that courts of chancery should ever have hesitated about it. Contrary to the benign spirit of the common law, the avowed purpose of process of contempt against the husband, is to extort a conveyance from her affection, or from her fear."

It must now be considered the settled law of this Commonwealth, that specific performance of an agreement to sell land, will not be decreed against a vendor who is a married man, and whose wife refuses to join in the conveyance so as to bar her dower, unless the vendee is willing to pay the full purchase-money, and accept the deed of the vendor without his wife joining therein : Riesz's Appeal, 23 P. F. Smith 485. In giving the opinion of the court in that case, it was well said by Mr. Justice Sharswood, " The same sound policy which forbids a decree for the execution of a deed by the husband, to be enforced by his imprisonment, if he cannot obey, prevents any decree looking to compensation, abatement or indemnity."

The decree of the court below must therefore be reversed.

Inasmuch, however, as upon the argument the counsel for the appellee expressed a desire to accept a deed from the appellant alone, rather than have no decree in his favor, we will send the case back in order that such a decree may be made.

> Decree reversed, and record remitted, that a decree may be entered conformably to this opinion, and the appellee is directed to pay the costs of this appeal.