## Mellon v. Oliver's Estate, Appellant.

*Equity — Deeds — Building  restrictions — Alleys—Covenants—*
*Breach—Remedy at law—Injunction.*

1. The owners of two adjoining lots covenanted "to leave four and a half feet" of each of their lots so as to form an alley nine feet wide between them, "for the convenience of each other and the Borough of Pittsburgh and the citizens thereof forever; to be kept free and open from all obstruction whatsoever"; and for the true performance of such agreement both parties bound themselves in the penal sum of $200, to be paid to the party "performant" by the party "delinquent." The dedication of the alley was never accepted by the borough, but the alley was opened and used by the successors in title of the parties to the agreement. The defendants, owners of property on either side of the alley, attempted to connect their buildings by a structure thereover at a height of 17½ feet above the surface. Plaintiff, another property owner on the alley and a successor in title to one of the parties to the agreement, brought a bill in equity to prevent the building of the contemplated structure. *Held,* an injunction was properly awarded granting the relief prayed for.

2. In such case, the penalty fixed by the agreement for breach of the covenants was intended solely as additional security for the performance of the covenants and not as a substitute for performance, and did not operate to deprive plaintiff of his remedy in equity.

Argued Oct. 12, 1916. Appeal, No. 105, Oct. T., 1916, by defendants, from decree of C. P. Allegheny Co., April T., 1915, No. 1725, in equity, awarding an injunction, in case of Frank H. Mellon v. Estate of Henry W. Oliver, George T. Oliver, Edith Oliver Rea, Henry R. Rea and The Union Trust Company of Pittsburgh, a Pennsylvania Corporation, Trustees. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Bill in equity for an injunction. SWEARINGEN, J., filed the following conclusions of law:

First. The parties to this bill are, by various mesne

conveyances, the grantees and successors in title of Hugh Jelly and Thomas Scott. They are bound by and are subject to all the covenants, conveyances, rights and duties, which are contained in the agreement of Jelly and Scott, set forth in Findings of Fact 2. The title of each of said parties extends to the middle line of the alley called Kings, created by said agreement.

Second. Kings alley is a private alley. As it was originally laid out and as it has been maintained, it is to be kept free and open from all obstructions, including those to the light, air and ventilation afforded by said alley.

Third. The use of said alley, including the right to the light, air and ventilation afforded by keeping it open above the surface, is appurtenant to all the land embraced within lot No. 403 in the general plan of the Borough of Pittsburgh. The original complaint and each of the intervening complainants are owners in fee of portions of said land, and, as such, they may maintain this proceeding in equity against the defendants. They are not restricted to their action at law for the recovery of damages, as specified in the agreement between Hugh Jelly and Thomas Scott.

Fourth. The circumstances, detailed in Findings of Fact 11, do not constitute an interpretation of the Jelly and Scott agreement as a mere grant of right of way for passage over Kings alley. Neither are any of the complainants estopped thereby from maintaining this proceeding in equity.

Fifth. A final decree should be entered, restraining the defendants from erecting and constructing any building over and above the surface of Kings alley, as the same is described in the finding of fact, and from obstructing in any manner the free and uninterrupted use of said alley, by the original and intervening complainants or by other persons entitled to use the same.

Sixth. The cost of this proceeding should be paid by the defendants.

Further facts appear by the opinion of the Supreme Court.

The court awarded an injunction.    Defendant appealed.

*Errors assigned* were in dismissing exceptions to various findings of fact and law and the decree of the court.

*Edward T. Noble,* with him *Henry O. Evans,* of *Evans, Noble & Evans,* for appellants.

*James R. Sterrett,* of *Sterrett & Acheson,* with him *John N. Piatt, E. L. Mattern, N. B. Madden* and *Watson B. Adair,* for appellee.

PER CURIAM, January 8, 1917:

The agreement of Hugh Jelly and Thomas Scott, executed January 20, 1807, was to "leave four feet and a half (4½) of each of their respective parts or lot of ground so as to form an alley of nine feet wide between them from Fifth Street to Virgin Alley," and the following is a part of it: "Which said alley shall be called Kings, and for the convenience of each other and the Borough of Pittsburgh and the citizens thereof forever. To be kept free and open from all obstruction whatsoever. And for the true performance of the agreement hereinbefore mentioned and agreed to, both parties bind themselves each unto the other by these presents in the penal sum of two hundred dollars to be paid to the party performant by the party delinquent." The dedication was never accepted by the Borough or City of Pittsburgh, but the alley was opened and used down to the time this bill was filed by Jelly's and Scott's successors in title. The defendants, such successors, owning property on each side of the alley, undertook to connect two of their buildings by a brick and tile structure over it, at a height of 17½ feet above its surface, when this bill was filed by Frank H. Mellon, another successor in title,

owning property adjoining the alley. In the proceeding instituted by him, Thompson McClintock and other successors in title and adjoining owners, intervened as plaintiffs. From the decree awarding the injunction prayed for there is this appeal.

It was contended in the court below that, in view of the penalty of two hundred dollars fixed in the agreement, the complainants were confined to an action at law for any damages they might sustain. The conclusion of the learned chancellor was that the said clause was intended simply as additional security for the performance of the covenants of the agreement, and not merely as something to be substituted for the performance. His 14th finding of fact is as follows: "The erection of the proposed building by the defendants over Kings alley, as shown in said Exhibit 'E,' attached to the answer to the bill of Frank H. Mellon, will materially interfere with the light, air and prospect now enjoyed by the McClintock property from Kings alley, and likewise by that portion of lot No. 6 in schedule 'B' of the partition of the estate of David Greer, deceased, which is embraced in lot No. 403 of the general plan of the Borough of Pittsburgh, abutting on Kings alley." This was not excepted to below and has not been assigned as error here. On it and the conclusions of law reached by the learned chancellor the decree is affirmed, at the costs of appellants.