Rayman *v.* Morris, Appellant.

Argued March 23, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*William Moldovan,* for appellant.

*George W. West,* for appellee.

OPINION BY MR. JUSTICE LINN, April 11, 1949:

This was a bill for a decree that plaintiff is entitled to an undivided half interest in certain real property held by defendant on a parol trust and for a conveyance of that interest to plaintiff. The court made a decree in accord with the prayer of the bill. Defendant has appealed.

Appellant presents two questions: (1) whether the evidence is sufficient, within the rule to justify the decree and (2) whether the suit was brought in time or was barred by the Act of April 22, 1856, P. L. 532, section 6, 12 PS 83.

Our decision depends on the facts. The chancellor considered the evidence sufficiently clear, precise and unequivocal to justify him in making findings of fact in accord with plaintiff's contentions and to require him to reject contradictory evidence offered on behalf of the defendant. The court in banc, after argument on the exceptions to the adjudication, dismissed them and entered the decree. As the evidence supports the findings and the decree, we accept them as we should accept the verdict of a jury: *Belmont Lab. Inc. v. Heist,* 300 Pa. 542, 546, 151 A. 15 (1930); *Christy v. Christy,* 353 Pa. 476, 477-8, 46 A. 2d 169 (1946). It may be said briefly that the chancellor found that plaintiff and defendant were engaged to be married; that they agreed to buy a lot and to build a dwelling on it for themselves; that title was taken in the defendant's name; the dwelling was built with contributions made by both and some labor furnished by plaintiff; that it was rented to plaintiff's father and brother who took possession; that plaintiff lived in the house with them; that the lessees paid rent to the plaintiff who delivered it to mortgagee's agent who applied part of it in reduction of the mortgage and paid the balance to defendant, the title holder; that the en-

gagement to marry (which the chancellor found had existed but which defendant had denied) was broken and that defendant, denying the existence of the trust, claimed sole ownership. The merits of those disputes, disclosed in the evidence, were clearly and finally determined in favor of the plaintiff by the learned chancellor.

The lot was bought in 1940 by installment payments, some made by each party. Title was taken by deed acknowledged December 16, 1941, and recorded February 20, 1942. This suit was brought March 18, 1947. The Act of 1856, supra, provides that "no right of entry shall accrue or action be maintained . . . to enforce any implied or resulting trust as to realty, but within five years after such contract was made or such equity or trust accrued, with the right of entry, unless such contract shall give a longer time for its performance, or there has been, in part, a substantial performance . . ."

The dwelling was built pursuant to a contract signed by both parties. Much of the money expended in building it at a cost of about $6,500 was raised by a mortgage of $5,000 dated July 15, 1942. The chancellor found that "of this sum of $1,500 in cash $1,100 was paid by the plaintiff . . ." On completion of the house, it was leased under date of August 1, 1942, to plaintiff's father and brother, as has been stated, at $65.00 a month of which $42.50 went to the mortgagee. After plaintiff's father died, the plaintiff continued to occupy the house.

The plaintiff contends, in support of the decree, that his possession tolled the running of the limitation period if the Act of 1856 is held to apply to joint owners, but that in any event, the Act does not apply to joint ownership until one coöwner has asserted exclusive ownership. In this case the defendant did not assert exclusive possession until in 1946 or 1947, within less than a year of plaintiff's suit. While plaintiff's father and brother were lessees until 1946 under the lease from defendant, the plaintiff also was in possession. His possession, the

learned chancellor held, prevented the limitation pre-scribed by the Act from running against him as we also recently concluded in *Wosche v. Kraning,* 353 Pa. 481, 485, 46 A. 2d 220 (1946). In that case we said, "Nor is the rule different merely because defendant also lived in the property, their joint occupancy being akin to that of husband and wife . . ." See also, *Clark v. Trindle et al.,* 52 Pa. 492 (1866); *McLaughlin v. Fulton,* 104 Pa. 161 (1883). There is no evidence, though the burden of proving this fact was on defendant, that plaintiff was in possession in subordination to the defendant merely because his father and brother were her lessees.

Decree affirmed; costs to be paid by appellant.

―――――

DISSENTING OPINION BY MR. JUSTICE HORACE STERN:

The controlling question on this appeal is whether the Act of April 22, 1856, P. L. 532, §6, prevents the giv-ing to plaintiff of the equitable relief which he seeks. His bill was not brought within the time specified in that Act, but the majority opinion holds that he was in possession of the property which is the subject of the controversy and thereby the operation of the statute was tolled. It is true, of course, that, ordinarily, the statute does not run during the period in which a claimant is in possession, but I cannot agree that in the present case the nature of plaintiff's possession was such as to have that effect. The title to the property was in defendant and she, in 1942, leased it, in writing, to plaintiff's father and brother; plaintiff, as a member of the family, resided with them in the premises. The rent each month, after deduction by the mortgagee of the interest due on the mortgage, was remitted to defendant. The father hav-ing died, and the brother having removed from the prem-ises, plaintiff continued to reside there, and—which to my mind is the controlling fact—*he himself from then on paid the rent for the property to the defendant.* Since such continuous payments on his part constituted an

unequivocal recognition of defendant's exclusive title and were in derogation of his present claim, I cannot understand how such a possession can now be accepted by this Court as the kind of possession which, amounting to the adverse assertion of an equitable right, operates to toll the applicable Statute of Limitations.

I would reverse the decree of the Court of Common Pleas of Allegheny County.