Roth et al. *v.* Hartl et ux., Appellants.

Argued April 14, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*C. William Freed*, with him *C. William Freed, Jr.,* and *Freed & Freed,* for appellants.

*J. Lawrence Grim,* with him *James C. Bowen,* for appellees.

OPINION BY MR. JUSTICE BELL, September 26, 1950:

Plaintiffs brought a bill in equity for specific performance of a written contract of sale of real estate in Bucks County. Plaintiffs also sought an account for rents received by the seller after the date of settlement, as well as for damages for losses sustained by defendants' unlawful refusal to convey said property. Included in said agreement of sale were the following provisions:

"1. The Buyer agrees to pay for the said property the sum of Sixty-Five Hundred Dollars . . ., as follows: Six Hundred Dollars . . . on the signing of this Agreement, the receipt whereof is hereby acknowledged, (which deposit shall be forfeited to the Seller as liquidated damages in case of the default by the Buyer in the performance of the terms of this agreement) and the balance of the purchase money as follows: Fifty Nine Hundred Dollars in cash on day of settlement.

"2. The premises are to be conveyed *free and clear* of *all* liens, *encumbrances,** and easements, Excepting However, the following: . . .; otherwise the title to the herein described lot or piece of ground shall be good and marketable or such as will be insured by any reputable Title Insurance Company at the regular rates. . . .

"4. Possession is to be given at the time of settlement. . . .

"6. Tender of an executed deed and purchase money is hereby waived. . . .

---

* Italics throughout, ours.

"9. In the event the Seller is unable to give a good and marketable title or such as will be insured by any reputable Title Insurance Company, as above set forth, *Buyer shall have the option of taking such title as the Seller can give without abatement of price,* or of being repaid all moneys paid on account by Buyer to Seller, and the Buyer shall also be reimbursed for any Title Company charges incurred; and in the latter event there shall be no further liability or obligation by either of the parties hereunder and this agreement shall become null and void. . . .

"And It Is Further Agreed, that if default be made in fulfilling this contract, or any part thereof, on the part of the Buyer, then the Seller shall be at liberty to consider this contract at an end, and to dispose of this land to any other person in the same manner as if this contract had never been made. *And each party, in case of refusal or neglect to perform the above-written contract, or any part thereof, agrees to pay to the other, as assessed and liquidated damages and not as a penalty the sum of Six Hundred Dollars.*"

Plaintiffs at the time and place fixed for settlement, tendered the balance of the purchase price in cash and also tendered a Deed to defendants for their signature. Everything necessary for complete settlement was agreed upon and completed at the settlement including delivery of plaintiffs' certified check, *except delivery of possession and execution of a deed by defendants.* Defendants contended they were unable to deliver possession of the premises because their son-in-law and family occupied one of the apartments in the residence, as tenants under an undisclosed lease, and refused to vacate said premises, although other housing facilities were available to them. The plaintiffs and the settlement clerk made several suggestions and offers as to

the vacating of said apartment or the payment of rental therefor or the giving of a bond to guarantee the tenant's vacation within a reasonable time, or the withholding of $500.00 of the purchase money in escrow by the Title Company as security until full possession of the premises could be given to the plaintiffs. All of these suggestions were, however, rejected by the defendants, who demanded the purchase price in full without any deduction or abatement, and without any terms or conditions with respect to the apartment of their son-in-law.

The Chancellor found upon ample evidence that the defendants were able to give a good and marketable title with the exception of immediate possession of the premises as to which they arbitrarily refused to take any action; that the plaintiffs were not guilty of laches and had not waived full performance by the defendants; that the plaintiffs are, and always have been, ready, willing and able to make settlement and complete the purchase price in accordance with the terms of the agreement; and that the Title Company had retained in its possession for delivery to the defendants a check for the balance of the purchase price.

The Chancellor also found that defendants, from the time of settlement, were receiving rent from said tenant at the rate of $10.00 a month.

While the defendants dispute a number of the aforesaid facts found by the Chancellor, the law is well settled that findings of fact by a Chancellor who saw and heard the witnesses, especially when approved by the court en banc, have the force and effect of a verdict of a jury and will not be disturbed on appeal, if supported by adequate evidence: *Schaffer v. Cloud,* 355 Pa. 650, 50 A. 2d 665; *Christy v. Christy,* 353 Pa. 476, 46 A. 2d 165; *Rayman v. Morris,* 361 Pa. 583, 65 A. 2d 397; *Emberger v. Brunger,* 359 Pa. 651, 59 A. 2d 897.

The Chancellor decreed specific performance and also awarded plaintiffs damages equal to the rent collected by defendants from date of settlement with interest thereon, or interest at 4% per annum on the purchase price of $6500.00 less taxes, if any, paid by defendants, whichever was greater.

The defendants contend, inter alia, (a) that specific performance cannot be decreed where the defendants' title is defective because of an outstanding leasehold and the contract sued upon contains a provision for liquidated damages; and (b) that for various other reasons, rejected by the court below, damages cannot be awarded in the instant case.

Specific performance of a contract by a court of equity is a matter of grace and not of right and will not be granted when there is an adequate remedy at law: *Burk's Appeal,* 75 Pa. 141; *Hoffman's Appeal,* 319 Pa. 1, 179 A. 38; *Rupniewski v. Miazga,* 299 Pa. 190, 149 A. 193; *Kane v. Morrison,* 352 Pa. 611, 44 A. 2d 53; *Kauffman's Appeal,* 55 Pa. 383.

It is well settled that, unless the parties agree otherwise, (1) the vendee may elect to take partial performance of a contract for the sale of real estate by the vendor where he is willing to take a defective title without an abatement in the purchase price: *Merritz v. Circelli,* 361 Pa. 239, 64 A. 2d 796; *Andrien v. Heffernan,* 299 Pa. 284, 149 A. 184; *Burk's Appeal,* 75 Pa. 141; *Medoff v. Vandersaal,* 271 Pa. 169, 116 A. 525; *Sidle v. Kaufman,* 345 Pa. 549, 29 A. 2d 77; and (2) under certain equitable circumstances the vendee has a right to take whatever title and interest the vendor can give with an allowance out of the purchase price for the deficiency*: *Merritz v. Circelli,* 361 Pa. 239, 64 A. 2d

---

\* When an allowance or abatement will be granted in cases of specific performance, is set forth in detail in the learned opinion of Mr. Justice HORACE STERN in *Merritz v. Circelli,* 361 Pa. 239, 64 A. 2d 796.

796; *Andrien v. Heffernan*, 299 Pa. 284, 149 A. 184; *Burk's Appeal*, 75 Pa. 141; *Latta v. Hax*, 219 Pa. 483, 68 A. 1016. In such cases the vendor will not be permitted to set up his defective title as a defense in an action for the specific performance of his contract: *Medoff v. Vandersaal*, 271 Pa. 169, 116 A. 525; *Farber v. Blubaker Coal Co.*, 216 Pa. 209, 65 A. 551.

We have further held that an outstanding leasehold is an encumbrance for which a court of equity in a suit for specific performance will allow a deduction from, or abatement of, the purchase price: *Cross v. Noble*, 67 Pa. 74; *Andrien v. Heffernan*, 299 Pa. 284, 149 A. 184.

When an agreement of sale of real estate contains a provision for liquidated damages, the authorities are unanimous that whether specific performance will lie depends upon the intentions of the parties: 58 C. J. 984, Sec. 168; 49 Am. Jur. Specific Performance, Sec. 44; 32 A. L. R. 584, 588; *DeBlois v. Boylston & Tremont Corp.*, 281 Mass. 498, 183 N. E. 823; *Eaton v. Sadler*, 215 Ala. 161, 110 S. 10; *Nolan v. Kirchner*, 98 N. J. Eq. 452, 131 A. 104; *Asia Inv. Co. v. Levin*, 118 Wash. 620, 204 P. 808; *Donahoe v. Franks*, 199 Fed. 262; *Rabinowitz v. North Texas Realty Co.*, (Tex. Civ. App.) 270 S. W. 579; *Cincinnati-Louisville Theater Company v. Masonic Widows' and Orphans' Home and Infirmary*, 272 Fed. 637.

The presence in such a contract of a provision for liquidated damages will not restrict the remedy thereto or bar specific performance unless the language of the part of the agreement in question, or of the entire agreement, together with other relevant evidence, if any, shows a contrary intent: *Medoff v. Vandersaal*, 271 Pa. 169, 116 A. 525; *Mellon v. Oliver's Estate*, 256 Pa. 209, 100 A. 796; *Boyd v. Hoffman*, 241 Pa. 421, 88 A. 675; Restatement, Contracts, Sec. 378; 32 A. L. R. 584, 585; 98 A. L. R. 887, 889; 58 C. J. 982-984; 2 Pomeroy's Eq. Juris. (5th Ed.) Sec. 446.

We conclude that, under the language of this particular agreement and the collusive tenancy created by defendants, the plaintiffs are entitled to specific performance of this contract as follows: The defendants shall convey to the plaintiffs all their right, title and interest in said premises in fee simple; the defendants shall receive the full purchase price without abatement; the defendants shall also evict or aid plaintiffs to evict the tenant at defendants' costs and as soon as reasonably possible; and the defendants shall promptly account for and pay over to plaintiffs all rentals received by or due to defendants from the date of the original settlement until the date of payment. In order to insure performance by defendants, the sum of $500. shall be held by the title company to cover the costs of eviction and the said rentals; the balance remaining after payment of said costs and rentals to be paid to defendants after performance by them of their part of this decree, with leave to either party to apply to the court below if any dispute arises as to either party's performance or nonperformance.

The Decree of the lower court as thus modified is affirmed; defendants to pay the costs.