**Kenneth H. YEOMANS and Patricia Thompson Yeomans, Plaintiffs–Appellants,**

v.

**LE TRIOMPHE PARTNERSHIP, etc., et al., Defendants–Appellees.**

No. 89–4320
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 1989.

Randall E. Olson, Lafayette, La., for plaintiffs-appellants.

Bert Wilson, John G. Torian, James M. Wilkerson, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, La., for Le Triomphe Partnership, Heymann, Bauer, Castille & Ashy.

Marc S. Whitfield, A. Michael Dufilho, Taylor, Porter, Brooks & Phillips, Baton Rouge, La., for La Nat. Bank of Baton Rouge, Guar. Bank & Trust of Lafayette.

Before GEE, DAVIS and JONES, Circuit Judges:

W. EUGENE DAVIS, Circuit Judge:

Appellants, Kenneth H. Yeomans and Patricia Thompson Yeomans, appeal the dismissal of their action for violations of the Interstate Land Sales Full Disclosure Act (ILSFDA) as time barred. We find no error and affirm.

## I.

Kenneth H. Yeomans and Patricia Thompson Yeomans executed separate agreements to purchase a lot in Le Triomphe Subdivision in Lafayette Parish, Louisiana. Patricia Thompson Yeomans executed a purchase agreement on October 13, 1983, to purchase Lot 38–C, later re-named Lot C–39 in the Le Triomphe residential community for a total purchase price of $41,500. On December 22, 1983, Kenneth H. Yeomans executed a similar agreement to purchase that same lot. The title was transferred to appellants by separate instrument on September 4, 1985. On September 6, 1988, the Yeomans sued appellees, alleging a violation of 15 U.S.C. §§ 1703(a)(1) and (a)(2)(D) of the ILSFDA.

The district court granted appellee's motion to dismiss and held that under 15 U.S.C. § 1711 of the ILSFDA a purchaser has three years after the date of signing the contract of sale within which to sue for violation of 15 U.S.C. §§ 1703(a)(1) or (a)(2)(D).

Appellants argue on appeal, as they did to the district court, that the three-year statute of limitations provided in 15 U.S.C. § 1711 did not begin to run until September 4, 1985, the date of the actual sale of the property when title to the lot was transferred to appellants. The sole question on appeal therefore is whether the district court correctly concluded that the statute of limitations began to run on either October 13, 1983, or December 22, 1983, the date the purchase agreements were signed.

## II.

The statute in question, 15 U.S.C. § 1711(a), provides: "No action shall be maintained under section 1709 of this title with respect to ... (1) a violation of subsection (a)(1) or (a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease ..."

Thus, by its terms, section 1711 required appellants to file their suit for violations of subsections (a)(1) and (a)(2)(D) within three years of the "sale." The question for decision narrows to the meaning of the term "sale" in section 1711(a).

Regulations issued by the Secretary of Housing and Urban Development define sale as used in section 1711 as "any obligation or arrangement for consideration to

purchase or lease a lot directly or indirectly." 24 C.F.R. § 1710.1 (1988).

We agree with the district court that the above regulation refutes appellants' argument that "sale" in section 1711 is limited to the transaction that transfers title to property.

This is consistent with the conclusion reached by our colleagues in the Tenth and Eleventh Circuits. *Cook v. Deltona Corporation*, 753 F.2d 1552, reh'g denied, 763 F.2d 398 (11th Cir.1985); *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036 (10th Cir.1980). In *Cook* the court, relying heavily on *Aldrich*, stated:

> *Aldrich* and cases cited therein hold that the sale takes place at the time the initial contract is signed. 627 F.2d at 1044. This decision arises from a number of persuasive factors. The *Aldrich* court noted that regulations issued under the Act define a sale as "any obligation or arrangement for consideration to purchase." 24 C.F.R. § 1710.1(n). Additionally, as *Aldrich* sensibly notes, because the statute under consideration governs not only sales of land but also leases, clearly passage of title should not be the critical factor in determining the accrual of a cause of action. 627 F.2d at 1044 n. 8. On balance, therefore, we accept the rationale of the Tenth Circuit's determination that a sale, for purposes of section 1711, takes place at the formation of the land sales contract.

*Cook*, 753 F.2d at 1561.

We agree with the district court that the sale, in the section 1711 sense, took place when the contracts to buy and sell were executed on October 13, 1983, and December 22, 1983, more than three years before plaintiffs filed their suit. It follows that the district court correctly concluded that this action had prescribed.

AFFIRMED.