Tobye R. MARKOWITZ, Individually
and on behalf of all others
similarly situated

v.

NORTHEAST LAND COMPANY.

Appeal of Tobye R. MARKOWITZ.

No. 89–5701.

United States Court of Appeals,
Third Circuit.

Argued Jan. 22, 1990.

Decided June 22, 1990.

Clifford Rieders, Robert H. Vesely (Argued), Rieders, Travis, Mussina, Humphrey & Harris, Williamsport, Pa., for appellant.

Mark P. Pazuhanich (Argued), Janet Marsh Shay, Hanna, Young & Upright, Stroudsburg, Pa., for appellee.

Before SLOVITER, HUTCHINSON and COWEN, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

### I.

Tobye R. Markowitz (Markowitz) appeals an order of the United States District Court for the Middle District of Pennsylvania granting defendant Northeast Land Company's (Northeast's) motion to dismiss her amended complaint. In the amended complaint, Markowitz claimed that Northeast's contracts for the sale of lots on which it promised to build condominiums for the buyers violated the Interstate Land Sales Full Disclosure Act (Act), 15 U.S.C.A. §§ 1701–1720 (West 1982 & Supp.1990). The district court held that the sales contract between Markowitz and Northeast required Northeast to complete construction of her condominium unit within two years of the sale date. Sales in which the developer contracts to meet its obligations within two years are exempt from the Act's coverage under 15 U.S.C.A. § 1702(a)(2) (West 1982). As a result, the district court refused to exercise pendent jurisdiction over the remainder of Markowitz's complaint, which asserted only state law claims, dismissed as moot her motion seeking class certification and dismissed her complaint in its entirety.

We do not agree that the contract between Markowitz and Northeast obligated Northeast to complete construction of the condominium within two years of the sale. We will therefore reverse the district court's order holding that she failed to state a claim under the Act, vacate its order dismissing her pendent state law claims, as well as its order dismissing as moot her motion seeking class certification, and remand this matter for further proceedings.

### II.

This suit arose out of Markowitz's purchase of residence number 187 of the Midlake on Big Boulder Lake Condominium in Carbon County, Pennsylvania, from Northeast. According to Markowitz's amended complaint, both she and Northeast are Pennsylvania citizens.

Markowitz's suit concerns events that occurred after Northeast completed construction of her unit. In her amended complaint,[1] Markowitz claims that the heating and cooling system in her condominium unit failed to operate properly; in the summer the temperature was too warm, and in the winter it was too cold. One winter, according to the amended complaint, the heating system shut off, the water pipes froze and the bursting pipes caused water damage to the property. Markowitz claims she was further damaged because the system needed constant repairs and because of loss of use of the premises and loss of rental income.

In her amended complaint, Markowitz claimed she had a federal remedy in the district court for the problem with her heating and cooling system because Northeast had violated the Act. She also asserted several separate state law causes of action and sought certification of her suit as a class action. In her claim under the Act, Markowitz stated that Northeast planned to construct more than twenty-five units. Additionally, Markowitz asserted that, at the time of the sale, unit 187 was yet to be completed. Both of these allegations are required to state a claim under the Act. See 15 U.S.C.A. § 1702(a)(1) (West 1982) (Act does not apply to sale of a lot in a subdivision containing fewer than twenty-five lots); 15 U.S.C.A. § 1702(a)(2) (West 1982) (Act does not apply to the sale of any improved land on which there is a condominium building at the time of sale).

There is a third prerequisite to a claim under the Act, and it is the presence or absence of this third prerequisite that will determine the outcome of this appeal. Among other things, § 1702(a)(2) exempts from the Act's coverage "the sale or lease of land under a contract obligating the seller or lessor to erect [a residential, com-

---

1. Markowitz amended her original complaint to delete from it a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961–1968 (West 1984 & Supp. 1990).

mercial, condominium, or industrial] building thereon within a period of two years...." 15 U.S.C.A. § 1702(a)(2).

In the text of her amended complaint, Markowitz said nothing about the time Northeast had to complete its contract, but she did attach and incorporate the agreement of sale between her and Northeast. Seizing on language in the agreement, Northeast moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss Markowitz's amended complaint for failure to state a claim under the Act.

The district court held that under the language of the agreement "Northeast Land Company was obligated to complete construction of the plaintiff's condominium unit within two [2] years." As a result, it dismissed Markowitz's claim that Northeast had violated the Act when it installed a faulty heating and cooling system.

Because there was no basis for federal jurisdiction other than Markowitz's allegations under the Act, the district court refused to exercise pendent jurisdiction over her state law claims and dismissed them without prejudice. Finally, it denied as moot Markowitz's request for class certification.

Markowitz filed this timely appeal. In it, she asserts that the district court erred in holding that Northeast was obligated to erect her condominium within two years of the sale date and was thus exempt from the Act under 15 U.S.C.A. § 1702(a)(2). If we reinstate her claim under the Act, she also asks us to direct the district court to reconsider its refusal to exercise pendent jurisdiction over her state law claims.

### III.

We have appellate jurisdiction pursuant to 28 U.S.C.A. § 1291 (West Supp.1990) over the district court's final order dismissing Markowitz's complaint. Markowitz sought to invoke the district court's jurisdiction pursuant to 28 U.S.C.A. § 1331 (West Supp.1990).

■ Since this appeal involves the dismissal of a complaint under Rule 12(b)(6) for failure to state a claim, our scope of review is plenary. We accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) for failure to state a claim is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *See Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988). We review the district court's dismissal of Markowitz's pendent state law claims for abuse of discretion. *See Cooley v. Pennsylvania Hous. Fin. Agency,* 830 F.2d 469, 471 (3d Cir.1987).

### IV.

In *Cost Control Mktg. & Management, Inc. v. Pierce,* 848 F.2d 47, 48 (3d Cir.1988) (per curiam), this Court stated that "[t]he Interstate Land Sales Full Disclosure Act, 15 U.S.C.A. §§ 1701–1720, as its title suggests, was enacted to insure that, prior to purchasing certain types of real estate, a buyer would be apprised of the information needed to insure an informed decision." As the Eleventh Circuit has written, the Act "is an antifraud statute utilizing disclosure as its primary tool, much like the securities laws." *Winter v. Hollingsworth Properties, Inc.,* 777 F.2d 1444, 1447 (11th Cir.1985).

■ Markowitz argues on appeal that Northeast is not exempt under the Act because her purchase agreement fails to include an unconditional commitment to complete construction of the condominium within two years. *See* Brief for Appellant at 8. As a result, she maintains that the district court erred in holding that § 1702(a)(2) excluded the agreement from coverage under the Act.

That section of the statute states, in relevant part:

(a) Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to—

(2) the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land

under a contract obligating the seller or lessor to erect such a building thereon within a period of two years.

15 U.S.C.A. § 1702(a)(2).

Markowitz and Northeast made their contract on August 31, 1985. *See* Appellant's Appendix (App.) at A25. We agree with the other circuits that have examined the issue that for purposes of the Act the sale occurs when the purchaser signs the sale agreement and incurs an obligation. *See Yeomans v. Le Triomphe Partnership,* 884 F.2d 847, 849 (5th Cir.1989); *Hollingsworth Properties,* 777 F.2d at 1449; *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1043–44 (10th Cir.1980). Settlement under the agreement was scheduled for October 31, 1985, *see* App. at A26, but did not take place until July 25, 1986, *see id.* at A7, ¶ 6.

■ Although the contract scheduled settlement within two years of the sale and, though delayed, settlement did in fact occur within that time, Markowitz maintains that the agreement *did not obligate* Northeast to erect her condominium within two years of the sale. She bases this argument on a provision of the contract limiting her remedies for breach. She says that her sole remedy against Northeast if it failed to settle on the agreed date was the return of her deposit plus interest. She points to paragraph 7(d) of the sale agreement, which states:

> Buyer's sole remedy against Seller ... in the event that Seller has not substantially completed the Property, as evidenced by the items required [in another portion of the agreement], on or before the date of settlement hereunder, shall

be the termination of this Agreement in accordance with the terms of this paragraph 7 and the return of the Deposit, together with all interest earned thereon. In [this] event, Seller's liabilities to Buyer shall be so limited.

*Id.* at A27.[2]

Congress has given the Secretary for Housing and Urban Development (Secretary) "[t]he authority and responsibility for administering [the Act.]" 15 U.S.C.A. § 1715(a) (West 1982). In "Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act," found at 24 C.F.R. Ch. X, Part 1710, App. A (1989), the Secretary has addressed the effect of provisions that limit a buyer's remedy to rescission upon § 1702(a)(2)'s exemption from coverage of contracts that obligate the seller to erect a building within two years. While noting that "remedies clauses are matters to be decided by the parties to the contract under the laws of the jurisdiction in which the construction project is located," the Secretary has provided that "the contract must not allow nonperformance by the seller at the seller's discretion." 24 C.F.R. Ch. X, Part 1710, App. A, Part IV(b) (1989).

> The Secretary's Guidelines further state: Contracts that permit the seller to breach virtually at will are viewed as unenforceable because the construction obligation is not an obligation in reality. Thus, for example, a clause that provides for a refund of the buyer's deposit if the seller is unable to close for any reason within the seller's control is not acceptable for use under this exemption. Similarly, contracts that directly or indirectly waive

---

**2.** Northeast, in turn, relies upon paragraph 7(b) of the agreement in urging us to affirm the district court's order. That paragraph states, in relevant part:

> [I]f Seller has not substantially completed the Property ... on or before the date of settlement hereunder, Buyer *may* terminate this agreement by giving written notice to Seller at any time after such date....

App. at A27 (emphasis added). Seizing upon the use of the word "may," Northeast argues that, if Markowitz does not choose to terminate the agreement and receive a refund of her deposit plus interest, she can still seek full per-

formance in the event that Northeast fails to complete the property on or before the date of settlement.

We reject Northeast's contention that paragraph 7(b) provides Markowitz with any additional remedy other than termination plus refund. Paragraph 7(d) clearly provides that Markowitz's "sole remedy" against Northeast in case of Northeast's nonperformance is termination plus refund. While paragraph 7(b) does not force Markowitz to terminate the agreement on account of Northeast's nonperformance, her only other option is to wait for Northeast to perform at its own discretion.

the buyer's right to specific performance are treated as lacking a realistic obligation to construct. HUD's position is not that a right to specific performance of construction must be expressed in the contract, but that any such right that purchasers have must not be negated. *For example, a contract that provides for a refund or damage action as the buyer's sole remedy would not be acceptable.*

*Id.* (emphasis added).

When Congress vests an agency such as the Department of Housing and Urban Development with the power to administer a statute, the Supreme Court requires us to defer to the agency's reasonable construction of the statute. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843–45, 104 S.Ct. 2778, 2781–83, 81 L.Ed.2d 694 (1984); *EPA v. National Crushed Stone Ass'n,* 449 U.S. 64, 83, 101 S.Ct. 295, 306, 66 L.Ed.2d 268 (1980). While the Secretary's view of § 1702(a)(2)'s two year requirement may not be the only possible construction of the statutory exemption for contracts that require performance within two years, it is a reasonable construction. We will therefore accept it as a construction that furthers Congress's intent in enacting the statute. *See American Paper Inst. v. American Elec. Power Serv. Corp.,* 461 U.S. 402, 422–23, 103 S.Ct. 1921, 1932–33, 76 L.Ed.2d 22 (1983).

Perhaps even more significantly, the Secretary's construction is in accord with the general rule of statutory construction that exemptions from remedial statutes such as the Act are to be narrowly construed. *See* 3 N. Singer, *Sutherland Statutory Construction* § 60.01 (Sands 4th ed. 1986); *De Luz Ranchos Inv., Ltd. v. Coldwell Banker & Co.,* 608 F.2d 1297, 1302 (9th Cir.1979) (the Act "should be liberally construed in favor of broad coverage to effectuate its remedial purpose" and thus the Act's statutory exemptions will be narrowly construed).

The agreement of sale between Markowitz and Northeast provides that the contract should be construed "in accord-ance with the laws of the Commonwealth of Pennsylvania." App. at A28, ¶ 21. Pennsylvania is also the jurisdiction in which the construction project was located. Therefore, if under Pennsylvania law Markowitz's sole remedy under the contract with Northeast in the event that construction of the condominium was not completed within two years was return of her deposit with interest, the sale is not exempt from coverage under the Act. We thus direct our attention to the applicable Pennsylvania law.

In *Roth v. Hartl,* 365 Pa. 428, 75 A.2d 583 (1950), the Pennsylvania Supreme Court confronted a situation where the purchasers under a written sales contract for the sale of real estate sought specific performance from the seller. In the event that the seller could not transfer good and marketable title, the contract gave the purchasers the option of either seeking specific performance and taking the title "as is" or of rescinding the contract and having their deposit returned. *See Roth,* 75 A.2d at 584–85. Analogizing the return of the deposit to a provision for liquidated damage, the court wrote:

When an agreement of sale of real estate contains a provision for liquidated damages, the authorities are unanimous that whether specific performance will lie depends upon the intentions of the parties.

The presence in such a contract of a provision for liquidated damages will not restrict the remedy thereto or bar specific performance unless the language of the part of the agreement in question, or of the entire agreement together with other relevant evidence, if any, shows a contrary intent.

75 A.2d at 586 (citations omitted).

Therefore, under Pennsylvania law the mere presence of a provision for liquidated damages in an agreement of sale of real estate does not prevent a party to the agreement from seeking specific performance. Northeast relies on this principle, but we think without avail on the language of this contract. Under Pennsylvania law, the parties to the agreement can agree to

eliminate the remedy of specific performance and in its place choose to rely solely upon the remedy of liquidated damages by so stating in the agreement. *See id.*

The agreement between Markowitz and Northeast explicitly limits Markowitz's remedy to a liquidated amount equal to her deposit plus interest in the event of nonperformance by Northeast. Since Pennsylvania law permits such a limitation when the contract is clear, as it is here, we believe that Markowitz would not be able to require specific performance from Northeast if Northeast breached its agreement of sale to complete construction within two years.

Therefore, under the Act, as the Secretary has properly construed it, Northeast was not obligated to erect the condominium within two years of the sale date. As a result, this contract is not exempt from the Act under § 1702(a)(2). *See, e.g., Schatz v. Jockey Club Phase III, Ltd.,* 604 F.Supp. 537 (S.D.Fla.1985) (no exemption under Act for contract providing that buyer's sole remedy is the return of buyer's deposit plus interest).[3] It was error for the district court to have ruled otherwise, and we will reverse its order dismissing Markowitz's complaint pursuant to Rule 12(b)(6).[4]

Since we will reinstate count one of Markowitz's amended complaint, which seeks to state a claim under the Act, we must vacate that portion of the district court's order dismissing without prejudice Markowitz's pendent state law claims. The district court explained in its memorandum opinion that it dismissed the pendent claims because it had already found Markowitz's sole federal cause of action wanting. If its premise had been correct, this approach would have been proper, since the rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court. *See Lovell*

*Mfg. Corp. v. Export–Import Bank of the United States,* 843 F.2d 725, 734 (3d Cir. 1988).

However, the district court should pursue a different analysis on whether to exercise jurisdiction over pendent claims when a federal claim remains present in the suit. On remand, the district court should determine if the federal claim is substantial and if so whether the state and federal claims have such a common nucleus of operative fact that a plaintiff would ordinarily be expected to try them together in one judicial proceeding. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Nanavati v. Burdette Tomlin Memorial Hosp.,* 857 F.2d 96, 105 (3d Cir.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1528, 103 L.Ed.2d 834 (1989). While dismissal of pendent claims is reviewed for abuse of discretion, the district court may have to reexercise its discretion if Markowitz's federal claim remains viable on remand. The standard for exercising discretion to dismiss state claims pendent on a viable federal claim differs from the standard governing dismissal when the federal claim itself lacks merit.

Our reasoning also requires us to vacate that portion of the district court's order dismissing as moot Markowitz's motion pursuant to Federal Rule of Civil Procedure 23 seeking certification of a class action.

## V.

In summary, we will reverse that part of the district court's order dismissing Markowitz's federal claim, we will vacate that part of the district court's order dismissing without prejudice her pendent state law claims and we will vacate that part of the district court's order dismissing as moot her motion for class certification. The case will be remanded to the district court for

3. We note that the Supreme Court of Florida has recently held an agreement of sale that is exempt under the Act must provide the buyer not only with the remedy of specific performance but also with a remedy in damages. *See Samara Dev. Corp. v. Marlow,* 556 So.2d 1097 (Fla.1990).

4. We do not consider whether the particular injury that Markowitz alleges is actionable under the Act. The district court has not considered, nor do the parties argue on appeal, that damages resulting from an allegedly malfunctioning heating and cooling system fall outside the Act's general purview.

further proceedings consistent with this opinion.