David J. ARBER, Sr. and Carol A. Arber and Omni Finishing Systems, Inc.

v.

EQUITABLE BENEFICIAL LIFE INSURANCE COMPANY.

Civ. A. No. 93–6458.

United States District Court, E.D. Pennsylvania.

June 19, 1995.

Frederick C. Horn, Pearlstine/Salkin Associates, Lansdale, PA, for plaintiffs.

Joseph M. Donley and Richard J. Sestak, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Defendant Equitable Beneficial Life Insurance Company has, for the fourth time, moved this Court to dismiss a complaint filed by Plaintiffs David and Carol Arber and their employer, Omni Finishing Systems, Inc. This, the Third Amended Complaint, alleges violations of the Employment Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001–1461 (1985 & Supp.1994) (ERISA) and common law. Earlier in this litigation, Equitable filed a motion to dismiss the original complaint, which was dismissed in part with leave to amend. The Plaintiffs did amend their complaint, and a second motion to dismiss was filed. This motion to dismiss was withdrawn when Plaintiffs decided to further amend their complaint. A third motion to dismiss was then filed, which motion was again granted in part, with leave to amend. Plaintiffs did so amend, which brings us to this motion to dismiss.

In the Third Amended Complaint, referred to here simply as the Amended Complaint, Plaintiffs make the following allegations which we accept as true for the purposes of this Motion. Plaintiffs David and Carol Arber were at all relevant times employees of Plaintiff Omni Finishing Systems, Inc. In 1992, Omni, through an agent of Equitable, submitted a Group Enrollment Form for group medical insurance benefits for its employees. After receiving the Group Enrollment Form, and in the normal course of its business, Equitable issued Omni a Certification of Group Insurance that covered the Arbers and other Omni employees. A copy of the Group Enrollment Form, the Certification of Group Insurance, and the Omni Welfare Plan are attached to the Amended Complaint.

According to the Amended Complaint, the Group Insurance is an "employee welfare benefit plan" within the meaning of ERISA and is referred to by the parties as the "Omni Welfare Plan" or "the Plan." 29 U.S.C. § 1002(1). The Arbers are "participants" of the Omni Welfare Plan, and Omni is its "sponsor" and "administrator," as well as a "fiduciary." 29 U.S.C. § 1002(16)(A) & (B) & § 1002(21). Equitable is also a "fiduciary" of the Omni Welfare Plan as a result of having control over funds used to pay claims and having discretionary authority to determine whether a medical expense is covered by the Plan.

In 1992, Equitable obtained Carol Arber's medical records from her doctor. Three months later, a different doctor opined that she needed surgery to relieve certain back pain. Due to this opinion, Carol Arber sought pre-certification that the surgery would be covered by the Omni Welfare Plan. Equitable did, in fact, pre-certify the surgery, and Carol Arber had the surgery on

reliance of the pre-certification, and incurred substantial medical expenses. The bills for Carol Arber's surgery, as well as bills for David Arber's routine medical expenses were submitted to Equitable. Equitable refused coverage for Carol Arber's claim, and terminated the Omni Welfare Plan retroactively to its start date. This had the effect of refusing coverage for David Arber's bills as well. According to Equitable, it terminated the Omni Welfare Plan and refused the Arbers' claims when it discovered that the Arbers had made several material misrepresentations in the Group Enrollment Form.

**STANDARD OF REVIEW**

■ In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

**DISCUSSION**

*A. COUNT ONE*

In Count One, Carol and David Arber seek to recover benefits due to them under the terms of an ERISA-covered Plan pursuant to 29 U.S.C. § 1132(a)(1)(B). This count alleges that Equitable had no discretion to determine general eligibility requirements to become a participant, to determine that an existing participant could no longer remain a participant, or to construe the terms of the Omni Welfare Plan. As a result, the Arbers allege that Equitable has wrongfully refused their claims and this Court should apply a *de novo* standard of review to Equitable's ac-

tions. This count is mirrored in Count Two, which differs only in that it avers that Equitable did have discretionary authority, and that its refusal of coverage was arbitrary and capricious.

■ Equitable seeks to dismiss Count One on the ground that the arbitrary and capricious review standard applies, not the *de novo* standard. In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court determined that in claims for ERISA benefits, courts should review denials of benefits *de novo*, unless "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* at 115, 109 S.Ct. at 956–57. Only if the administrator or fiduciary has discretion in those areas will a court defer to a denial of benefits. *Id.*

■ Equitable cites many clauses from the Omni Welfare Plan to demonstrate that it had discretionary authority to determine eligibility for benefits or to construe the terms of the Omni Welfare Plan. Notably, however, none of the cited clauses expressly grants Equitable those specific powers. Moreover, it appears that there is a dispute as to exactly which documents comprise the Omni Welfare Plan.

On a motion to dismiss, we look only to see whether there is any state of facts that Plaintiffs could prove that would entitle them to relief. Here, Plaintiffs have pleaded that Equitable did not have discretion in the two key areas identified by the Supreme Court as removing *de novo* review. Because we find, at this preliminary point, that the documents attached to the Complaint do not clearly contradict Plaintiffs' averments, we find that Plaintiffs have stated a claim upon which relief can be granted. Accordingly, we will deny this portion of Defendant's Motion to Dismiss.

*B. COUNTS THREE AND FOUR*

■ In Counts Three and Four, the Arbers make claims for the money Omni paid on their behalf under the logic in *Kendal Corp. v. Inter–County Hospitalization Plan*, 771 F.Supp. 681 (E.D.Pa.1991) (Huyett, J.).

Count Three states a claim under the *de novo* standard of review and Count Four states a claim under the arbitrary and capricious standard.

In *Kendal,* our Court held that beneficiaries of a Plan could seek benefits that their employer had paid on their behalf in response to their insurer's denial of coverage. The insurer in that case argued that it was not liable for those benefits because the insurance contract covered only those expenses the beneficiaries were legally obligated to pay. It argued that the employees were not legally obligated to reimburse their employer for the expenses the employer paid, and therefore, the expenses were not covered. *Id.* at 684.

The employees had, however, acknowledged to the Court that they were legally obligated to reimburse their employer, and the Court found this was sufficient to make the expenses covered. *Id.* at 685. Part of this decision was based on policy; the Court was reluctant to reward insurers for denying benefits in the hope that benevolent third parties would step in and thereby relieve the insurers of liability. *Id.* The Arbers aver in their Amended Complaint that if they prevail in this action, they will be legally obligated to reimburse Omni the amounts it advanced on their behalf.

Equitable attempts to distinguish *Kendal* on the ground that there, the employer sought the money on behalf of the employees. This argument is apparently based on a misreading of *Kendal.* In fact, the *Kendal* court addressed two separate issues; first, whether the employer had standing to sue under ERISA, and second, whether the employees could recover the employer-paid expenses. Only the second issue is relevant here, and so Equitable's argument, based on the first issue, fails.

In addition, Equitable argues that the Arbers have not alleged that Omni has made any claim against them that would legally obligate them to reimburse Omni, and therefore *Kendal* does not apply. We find that the averments in the Amended Complaint appear to parallel the statements made in *Kendal,* which Judge Huyett found sufficient to legally obligate those plaintiffs. Accord-

ingly, we find that Plaintiffs have pleaded facts that, under *Kendal,* state a claim upon which relief can be granted.

Equitable's final argument, that we should dismiss Count Three for pleading a *de novo* standard of review is denied for the same reasons stated in the discussion on Count One. *Supra* § A. For all these reasons, we deny this portion of Defendant's Motion to Dismiss.

## C. COUNTS SIX AND SEVEN

Individual Plaintiffs bring Count Six, and Omni brings Count Seven, both of which counts assert breaches of the fiduciary duty Equitable owed them under ERISA, 29 U.S.C. § 1132(a)(3). Plaintiffs base these claims for relief on the holding in *Bixler v. Central Pa. Teamsters Health–Welfare Fund,* 12 F.3d 1292 (3d Cir.1993). *Bixler* held that 29 U.S.C. § 1132(a)(3) " 'authorizes the award of "appropriate equitable relief" directly to a participant or beneficiary to "redress" "*any* act or practice which violates *any* provision of this title" ' including a breach of the statutorily created fiduciary duty of an administrator." *Id.* at 1298 (quoting *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 153, 105 S.Ct. 3085, 3096, 87 L.Ed.2d 96 (1985) (Brennan, J. concurring)).

Equitable argues that it is not a fiduciary under the Omni Welfare Plan, because, it argues, a fiduciary is one who "has exercised discretionary authority or control over a plan's management, assets or administration." Def.'s Brief at 22. It points out that Plaintiffs have specifically pleaded that it had no discretionary authority to determine whether an employee meets the general eligibility requirements to become a participant or to construe the terms of the Plan. According to Equitable, therefore, it cannot possibly be a fiduciary, because it allegedly has no discretion in these two areas.

Plaintiffs cite *Luby v. Teamsters Health, Welfare & Pension Trust Funds,* 944 F.2d 1176, 1181 (3d Cir.1991) and *Hardtke v. Exide Corp.,* 821 F.Supp. 1021, 1026 (E.D.Pa. 1993) for the proposition that a person or entity can be a fiduciary within the meaning

of ERISA, yet not have discretionary authority over all aspects of a plan. That is the case here, they argue.

■ We find that Plaintiffs have adequately pleaded that Equitable is a fiduciary in at least some areas, so as to bring a claim for breach of fiduciary duty against it under 29 U.S.C. § 1132(a)(3). This ruling is not inconsistent with our earlier ruling that Plaintiffs have adequately pleaded that Equitable is not a fiduciary in certain other areas, (*supra* § A) given the rulings in *Luby* and *Hardtke*.

■ Second, Equitable argues that Count Seven is only an incorporation by reference paragraph, and as such, it does not provide fair notice of the claim asserted therein, or what fiduciary duties Equitable allegedly breached. Plaintiffs do not directly address this argument in their responsive brief. Nonetheless, we find that Count Seven, by incorporating by reference the other paragraphs in the Amended Complaint, gives Equitable sufficient notice of the claims against it. 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1215–18 (1990). For these reasons, we deny this portion of Equitable's Motion to Dismiss.

## D. COUNTS FIVE AND EIGHT

Count Five is an equitable estoppel claim by the Arbers against Equitable. This count was in the original complaint, and we ruled that it stated a claim upon which relief could be granted in our April 4, 1994 Opinion. Count Eight is a claim for breach of contract by Omni against Equitable. This count has appeared in all versions of the complaint, and this is the third time Equitable has asked us to dismiss this Count.[1] We ruled in our April 4, 1994 Opinion that the breach of contract claim would not be dismissed. In our December 12, 1994 Opinion, we ruled that Equitable's arguments must be in the nature of a motion to reconsider, since we had already ruled on the claim. We found no reason to reconsider that decision. In this motion, Equitable makes the same argu-

ments to dismiss both counts it has made before.[2] We refer the parties to our December 12, 1994 Opinion, pages four and five, for a discussion of the standard in making a motion to reconsider. Based on that standard, Equitable has made no showing that we should reconsider our earlier decisions, and therefore, we do not. For all these reasons, we deny this portion of Defendant's motion.

## E. COUNT NINE

Count Nine is a claim for unjust enrichment by Omni against Equitable. Equitable makes two arguments why this claim must be dismissed. First, it argues that in Pennsylvania, there can be no claim for unjust enrichment when the relationship between the parties is founded upon a written or otherwise express agreement. *Benefit Trust Life Ins. Co. v. Union Nat'l Bank*, 776 F.2d 1174, 1177 (3d Cir.1985); *McClellan Realty v. Institutional Invs. Trust*, 714 F.Supp. 733, 739 (M.D.Pa.1988) (citing *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 259 A.2d 443 (1969)), *aff'd*, 879 F.2d 858 (3d Cir.1989). Second, it argues that Omni cannot show that Equitable has been unjustly enriched because Equitable returned all the premium money that Omni paid to it.

■ Omni does not directly rebut Equitable's first argument, except to assert that this claim is brought as an alternative in the event this Court rules that there is no contract, or that Equitable was not a party to the contract. Although this appears to be an unlikely result, we cannot rule it out at this point of the litigation and will not dismiss the count based on Equitable's first argument.

■ As to Equitable's second argument, Omni points out that it is not asserting that Equitable was unjustly enriched by retention of Omni's premiums, but by not having to pay for the Arbers' medical expenses. This argument has some support in *Kendal*, and therefore, there is arguably a state of facts

---

1. We note that Equitable does not mention the fact that we have ruled on either issue before.

2. Equitable also argues that Counts Eight and Nine must be dismissed because the Amended

Complaint deems it a fiduciary. Because Plaintiffs bring these counts as alternative claims to their ERISA theories, we do not dismiss them at this time.

that Omni could prove that would entitle it to relief. 771 F.Supp. at 685. For these reasons, we deny this final portion of Defendant's Motion to Dismiss.