Debra **LOGUE**, et al.

v.

**LOGANO TRUCKING COMPANY, et al.**

Civil A. No. 96–1820.

United States District Court, E.D. Pennsylvania.

April 25, 1996.

---

Robert J. Gillespie, Jr. and Peter O'Donnell, Mylotte, David & Fitzpatrick, Wilkes–Barre, PA, for Plaintiffs.

Thomas K. Ellixson, Marshall, Dennehey, Warner, Coleman & Goggin, Norristown, PA, for Defendant Logano Trucking Co.

Anthony S. Pinnie, Frayne & Tuite, Wayne, PA, for Defendant J. Hasbrouck.

## MEMORANDUM

JOYNER, District Judge.

This action was initially filed in the Court of Common Pleas of Berks County, Pennsylvania by Debra Logue, individually and as parent and natural guardian of Samantha and Jessica Logue and as Administratrix of the estate of Walter A. Logue, Jr. Defendants removed the matter to this Court on the basis of diversity and amount in controversy. Defendant Jeffrey R. Hasbrouck now moves this Court to dismiss the entire action as to him under Fed.R.Civ.P. 12(b)(6) and Defendant Logano Trucking Company seeks to dismiss the punitive damages claims against it pursuant to Fed.R.Civ.P. 12(b)(6) as well as to strike allegations of recklessness pursuant to Fed.R.Civ.P. 12(f).[1]

In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allega-

---

1. Logano requests oral argument on this Motion and that request is denied. Local Rule 7.1(f).

tions in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). A Motion to Strike will be granted if the Court finds that the pleaded matter is redundant, immaterial, impertinent or scandalous. Fed.R.Civ.P. 12(f).

The facts as alleged in the Complaint are as follows. In September, 1995, Plaintiff's decedent, Walter A. Logue, Jr., was in his pick-up truck, third in a line of traffic waiting for a red light to change to green. Hasbrouck, an agent, servant and employee of Logano, was driving a tractor trailer truck at an excessive rate of speed on the same road. This tractor trailer was allegedly overloaded by at least 16,520 pounds, had improperly adjusted brakes and Hasbrouck had been driving it for more than the maximum number of hours permitted by the Department of Transportation.

Due to Hasbrouck's alleged negligence, carelessness and recklessness, he failed to stop for the red light and hit the back of Logue's truck with such force that Logue's truck was forced into the rear of the vehicle in front of him, a garbage packer truck. Logue died at the scene as a result of the injuries he sustained in this accident. Plaintiff's Complaint seeks compensatory and punitive damages from Hasbrouck and Logano under wrongful death and survival theories.

**Discussion**

█ Hasbrouck seeks to dismiss the entire Complaint and Logano seeks to dismiss the punitive damages claims because Plaintiff has allegedly failed to state a claim for which relief can be granted. The Defendants agree that in Pennsylvania, punitive damages can only be awarded "for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Martin v. Johns–Manville Corp.*, 508 Pa. 154, 494 A.2d 1088 (1985) (quoting Restatement (Second) of Torts, § 908(2) (1979)). For that reason, the defendant's state of mind is a critical question. *Feld v. Merriam*, 506 Pa. 383, 485 A.2d 742, 748 (1984). Punitive damages are not available in cases involving simple negligence, but are available when "the actor knows, or has reason to know ... of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." *Martin*, 494 A.2d at 1097 (quoting Restatement (Second) of Torts, § 500 cmt. a (1979)).

Given the above, Defendants contend that Plaintiff has failed to make the requisite allegations to support a claim for punitive damages. They argue that at most, Plaintiff's allegations are mere conclusions and general averments that Hasbrouck acted in any way other than in a grossly negligent manner. For that reason, they declare that the punitive damages claims should be dismissed.

Plaintiff first points out that although Hasbrouck seeks to be entirely dismissed from the Complaint, he only addressed the adequacy of the punitive damages count and makes no argument with respect to the compensatory damages request. For that reason, Plaintiff contends that his motion is at best only a partial motion to dismiss.

On the merits of the Motions, Plaintiff maintains that she has adequately pleaded a cause of action for punitive damages. The Complaint alleges that Hasbrouck's actions were malicious, wanton, outrageous and willful and taken with reckless indifference to the rights of Plaintiff's decedent in that Hasbrouck, as Logano's agent and servant, operated an overloaded tractor trailer truck with improperly adjusted brakes at an excessive, unreasonable and imprudent rate of speed so that the truck could not stop for a red light. In addition, that he had operated that truck for more than the number of hours permitted by law.

█ These allegations, Plaintiff insists, are sufficient to support a claim for punitive damages. We agree. Plaintiff's allegations are that Hasbrouck knowingly took a danger-

ous vehicle onto a public highway and then operated that vehicle in a dangerous manner. It is fair to infer from these allegations that Hasbrouck knew, or had reason to know, that his actions created a high degree of risk to Logue and other travellers, but that he continued those actions in deliberate disregard or indifference to that risk. *Feld,* 485 A.2d 742, 748. These allegations also could demonstrate more than mere gross negligence. Because of that, if true, these facts could entitle Plaintiff to relief and therefore, dismissal of the punitive damages claims under Fed.R.Civ.P. 12(b)(6) is inappropriate.

Hasbrouck has not presented any argument to support a dismissal of the rest of the Complaint and we see no reason to. Furthermore, there is no indication that Plaintiff's Complaint includes redundant, immaterial, impertinent or scandalous material that should be stricken. For that reason, we deny both Defendants' motions in their entirety.

An appropriate Order follows.

### ORDER

AND NOW, this 25th day of April, 1996, upon consideration of the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) of Defendant Jeffrey R. Hasbrouck and response thereto, the Motion is hereby DENIED. Further, upon consideration of Defendant, Logano Trucking Company, Inc.'s Motion Pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f) to Strike Allegations of Recklessness and Claims for Punitive Damages from Plaintiffs' Complaint and response thereto, the Motion is hereby DENIED.