Adam GOODMANN, Appellant

v.

HASBROUCK HEIGHTS SCHOOL DISTRICT; Alan C. Stephens, Deputy, N.J. Attorney General's Office

v.

Arthur Goodmann, Third–Party Defendant.

Nos. 06–3676, 07–3209.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 18, 2008.

Filed: April 21, 2008.

Adam Goodmann, Teaneck, NJ, pro se.

Donald T. Okner, Dwyer, Connell & Lisbona, Fairfield, NJ, for Hasbrouck Heights School District; Alan C. Stephens.

Before: SLOVITER, JORDAN and ALARCÓN *, Circuit Judges.

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

## OPINION

SLOVITER, Circuit Judge.

### I.

Because we write principally for the parties, we provide only those facts relevant to our disposition.

Appellant Adam Goodmann was hired as a chemistry teacher in Hasbrouck Heights School District ("School District") pursuant to an employment contract dated July 25, 2002. It provided that Goodmann would teach from September 1, 2002 through June 30, 2003, and that either party could terminate the contract upon sixty days written notice.

In November 2002, Principal Peter O'Hare told Goodmann that he needed to improve his teaching performance, including classroom management skills, connecting with students, and questioning techniques. In February 2003, O'Hare observed Goodmann in the classroom over three days and wrote an evaluation deeming Goodmann's overall teaching "Unsatisfactory." App. at 69. Goodmann disputed the evaluation and submitted a written response. He met with O'Hare on March 18, 2003 to discuss the evaluation.

There is a disputed issue of fact concerning what occurred at the March 18th meeting. Goodmann testified at his deposition that O'Hare fired him, stating that March 19 would be Goodmann's last day. O'Hare testified that he told Goodmann that if his performance did not improve, Goodmann would not be hired back the following year, not that he was being fired immediately. Goodmann taught all of his classes on March 19, but he did not return to school after that.

Both O'Hare and the School District Superintendent, Joseph Luongo, tried to reach Goodmann by phone, but Goodmann's father answered the phone and stated that Goodmann could not come to the phone. The parties dispute what transpired on the phone between Luongo and Goodmann's father. Luongo testified that he told Goodmann's father that Goodmann could return to school to teach. On the other hand, Goodmann's father stated that Luongo said Goodmann had two choices— be fired or resign—and that it would look better for his record if he resigned. Goodmann's father then crafted a resignation letter purporting to be from Goodmann and sent it to Luongo via email. Goodmann later stated that he had not authorized the letter and did not know it had been sent. At the meeting of the Board of Education on March 27, 2003, the Board approved Goodmann's resignation.

On November 30, 2004, Goodmann filed suit in federal court against the School District and Deputy Attorney General Alan Stephens, alleging that he was terminated without proper notice and an opportunity to be heard, which injured him because his teaching certification was provisional and he needed to complete a training program to become completely certified. He also alleged that Stephens made false and misleading representations in the state court proceedings related to litigation over Goodmann's unemployment benefits, in violation of his right to due process. Goodmann's complaint contained several state law allegations, including breach of contract and wrongful discharge.

During the proceedings in the District Court, the parties had a discovery dispute about whether Goodmann had to disclose certain medical records to justify a period of absence in February 2003. When the District Court ordered them disclosed, Go-

odmann filed a motion for a temporary restraining order followed by a motion for a preliminary injunction, both of which the Court denied. Goodmann immediately appealed those orders, but the District Court granted summary judgment to the School District and Stephens on June 25, 2007, from which Goodmann also appealed. The District Court held that Goodmann did not have a property interest in his job, and therefore could not state a claim for a procedural due process violation. In addition, it held that Goodmann had not properly served Stephens, nor had he shown good cause for failing to do so; thus, the Court dismissed the claim against Stephens. The District Court declined to exercise supplemental jurisdiction over the remaining state law claims.

The appeals were consolidated.[1]

## II.

We have plenary review over the District Court's grant of summary judgment. *Sanford v. Stiles*, 456 F.3d 298, 303 n. 3 (3d Cir.2006). We will affirm a grant of summary judgment if there are no issues of disputed material fact and the moving party is entitled to judgment as a matter of law. *Gilles v. Davis*, 427 F.3d 197, 203 (3d Cir.2005).

## III.

In order to state a claim for a violation of procedural due process rights, a plaintiff must, as a threshold matter, allege that s/he was deprived of a "cognizable liberty or property interest...." *Mudric v. Attorney Gen.*, 469 F.3d 94, 98 (3d Cir.2006). The question in this case is whether Goodmann has a legitimate claim of entitlement to his teaching job. *See Baraka v. McGreevey*, 481 F.3d 187, 205 (3d Cir. 2007). What constitutes an entitlement is

---

1. We have jurisdiction pursuant to 28 U.S.C. § 1291.

defined by an independent source, such as state law rules or understandings. *Id.*

New Jersey law provides that tenured teachers may be terminated for cause only, *see* N.J.S.A. 18A:6–10, but Goodmann was not a tenured teacher. As a non-tenured teacher, the source of Goodmann's claim to entitlement, if any, is the employment contract. The employment contract, however, provides that the contract may be terminated by either party for any reason, i.e., an at-will arrangement. An at-will employment contract does not create a protected property interest in one's job. *See Unger v. Nat'l Residents Matching Program,* 928 F.2d 1392, 1397 (3d Cir.1991) (citing *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)) (recognizing that a non-tenured teacher's employment contract with the state does not create a protected property interest).

■ Although the contractual requirement of sixty days written notice prior to termination may provide the basis for a state law breach of contract claim against the School District, it does not bear upon the question whether Goodmann has a protected property interest in his job. Neither does the fact that Goodmann was not yet fully certified to teach give him an entitlement to his position because he cites nothing that could be a viable source of such an entitlement.

Because Goodmann had no legitimate claim of entitlement to his teaching job and thus no protected property interest, his procedural due process claim fails as a matter of law.

■ With respect to the due process claim against Stephens, we agree with the District Court's analysis concluding that Goodmann failed to properly serve Stephens. Goodmann did not serve Stephens personally, did not leave a copy of the complaint at Stephen's dwelling house or usual place of abode with a suitable person, and did not deliver the complaint to an authorized agent; therefore, he did not meet the requirements for proper service under Rule 4(e)(2) of the Federal Rules of Civil Procedure. Rule 4(e)(1), however, provides that service is proper if effected in accordance with state law, in this case, New Jersey Court Rule 4:4–4. That rule provides for the same methods of service as Federal Rule 4, which, as discussed above, Goodmann did not meet, but it also provides for "substituted or constructive" service when a plaintiff can show by affidavit that personal service could not be made despite diligent effort. *See* N.J. Ct. R. 4:4–4(b). In order to trigger that provision, the plaintiff must also show that s/he served the complaint by a method of alternative service, such as registered or certified mail. Although Goodmann submitted an affidavit stating that several attempts were made to personally serve Stephens, he did not show that he served the complaint by an appropriate means of alternative service. Goodmann argues that a person named G. Jackson of the New Jersey Statehouse "received and signed for the Plaintiff's letter enclosing the summons and a copy of the complaint," Appellant's Br. at 10, but there is no evidence that G. Jackson was Stephens' authorized agent, or that such an attempt at service otherwise qualified under any of the alternative service provisions of either federal or state rules of service.[2] Thus, the District Court did not err by dismissing Goodmann's

---

2. Under the constructive service provision of New Jersey Court Rule 4:4–4(b), in addition to submitting an affidavit swearing to diligent efforts in attempting to serve the complaint, a plaintiff must also send a copy of the com-

plaint and summons by registered or certified mail, return receipt requested, as well as by ordinary mail, to the asserted defendant's dwelling house or usual place of abode.

claim against Stephens pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[3]

Finally, Goodmann claims that the District Court erred by declining to exercise supplemental jurisdiction over his state law claims. That contention fails. Under *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), district courts may decline to exercise supplemental jurisdiction when all federal claims have been dismissed. *See also Markowitz v. Ne. Land Co.,* 906 F.2d 100, 106 (3d Cir.1990) (stating that "once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court"). Thus, the District Court did not err in declining to exercise supplemental jurisdiction over Goodmann's state law claims.

## IV.

For the above-stated reasons, we will affirm the decision of the District Court granting summary judgment to the School District, dismissing the claim against Stephens, and declining to exercise supplemental jurisdiction. In light of our decision, Goodmann's appeal from the District Court's order denying his motion for a preliminary injunction is moot.

---

**3.** The District Court also ruled that because Goodmann had not prosecuted his case and never sought a default judgment against Stephens, the claim should be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. We express no view regarding that aspect of the ruling because the service issue is dispositive.