**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-4687
_____

RAYMOND BESSINGER; SHERRY BESSINGER; DANIEL CARR; BARBARA
CARR; MARION FORR; DONALD FROST; MARY FROST; KENNETH GETTY;
CAROL GETTY; DEBORAH JANFRANCISCO; ROBERT G. LUDWIG; L. RONALD
OFFNER; MICHAEL PAGLAICCETTO; ALBERT PLATT; BONNIE PLATT;
MICHAEL ROBERTS; EVELYN PAGLAICCETTO; BARBARA ROBERTS,
Appellants

v.

INDIAN VALLEY GREENES, INC.; INDIAN VALLEY GREENES, L.P.; KENNETH
GROSSE, JR., INDIVIDUALLY; KENNETH GROSSE DEVELOPMENT; KENNETH
GROSSE DEVELOPMENT GROUP; GROSSE DEVELOPMENT CO.; GROSSE &
QUADE, INC., D/B/A CENTURY ALLIANCE-LANSDALE; C RICHARD QUADE,
JR., INDIVIDUALLY; QUADE CONSTRUCTION COMPANY, INC.,
D/B/A QUADE HOMES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

(D.C. Civil No. 2-13-cv-01501)
District Judge:  Honorable Gene E. K. Pratter

ARGUED July 9, 2015

BEFORE:  FUENTES, NYGAARD, and ROTH, *Circuit Judges*

(Opinion Filed:  October 14, 2015)

Edward J. Carreiro, Jr., Esq. [Argued]
262A Bethlehem Pike, Suite 102

Colmar, PA  18915
     *Counsel for Appellants*

Herbert Bass, Esq. [Argued]
Brett A. Berman, Esq.
Melissa J. Dolin, Esq.
Fox Rothschild
2000 Market Street, 20th Floor
Philadelphia, PA  19103

Ronald L. Williams, Esq.
Fox Rothschild
747 Constitution Drive, Suite 100
Exton, PA  19341
     *Counsel for Appellees Indian Valley Greenes, Inc., Indian Valley Greenes, LP,*
     *Kenneth Grosse, Jr., Kenneth Grosse Development, Kenneth Grosse Development*
     *Group, and Grosse Development Co.*

Walter H. Swayze, III, Esq.
David A. Yavil, Esq. [Argued]
Segal McCambridge Singer & Mahoney
1818 Market Street, Suite 2600
Philadelphia, PA  19103
     *Counsel for Appellee Grosse & Quade, Inc.*

Randy T. Burch, Esq.
Forry Ullman
540 Court Street
P. O. Box 542
Reading, PA  19603
     *Counsel for Appellees C Richard Quade, Jr., and Quade Construction Co.*

_____

OPINION[*]

_____

NYGAARD, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Appellants, all purchasers of houses located in the Indian Valley Greenes subdivision in Franconia Township, Pennsylvania, are convinced that the District Court erred by granting Appellees' motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[1] The District Court ruled that the Sellers were exempt from the Interstate Land Sales Full Disclosure Act (15 U.S.C.A. §§ 1701-1720), eliminating its jurisdiction to review the merits of their state law claims of fraud, breach of contract, breach of implied and express warranties, negligence, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. We will affirm the order of the District Court.[2]

This opinion does not have any precedential value. Therefore, our discussion of the case is limited to covering only what is necessary to explain our decision to the parties. Before the District Court, the Sellers successfully argued that, pursuant to section 1702(a)(2),[3] they are exempt from the Disclosure Act's requirements because section 2 of the sales agreements at issue obligated them to construct the houses within two years of the date of the agreements.[4]

---

[1] We will refer to Appellants collectively as "the Buyers." We will refer to Appellees collectively as "the Sellers."

[2] Our scope of review is plenary. *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (1990).

[3] "Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to-- . . . (2) the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years." 15 U.S.C.A. § 1702(a).

[4] "If completion of the Premises (hereafter defined) is delayed beyond the Extended Settlement Date for reasons due to governmenta1 regulations, inclement weather, theft,

The Buyers argue that the Sellers are not exempt from the Disclosure Act. Under the Disclosure Act, contracts may not undermine the remedies of buyers such that a seller could breach at will. *See Markowitz*, 906 F.2d at 104.[5] The Buyers say that conditional language in section 2 and section 17 of the sales agreements renders the specific performance remedy meaningless because all damage remedies are essentially waived.[6]

---

strikes, lockouts or other labor disputes affecting either Seller or any of the Seller's suppliers or material or labor, delay in obtaining or issuance of permits or approvals or inspection(s) due to changes agreed to by Buyer and Seller after execution of this Agreement, or for any other reason beyond Se1ler's reasonable control, the Extended Settlement Date specified herein shall be automatically extended until such time as completion of the Premises is possible. Seller shall not be responsible for and is hereby relieved and discharged from all liability by reason of any delay in completion of the Premises or Settlement thereon, including, but not limited to, additional charges due to Buyer's lender, such as service fee, interest rate increases, rate lock extension fees or any other charges. Notwithstanding the foregoing, in compliance with the Interstate Land Sales Full Disclosure Act, Seller guarantees that the House will be substantially completed within twenty-four (24) months after execution of this Agreement by Buyer, and nothing in this Agreement shall be construed to limit Buyer's remedy of specific performance if Seller fails to have the House substantially completed within such twenty-four (24) month period." District Court Docket 2:13-cv-01501-GP, Doc. 3-2, pg. 7.

[5] Our reasoning was based in part upon regulations issued by the Secretary of Housing and Urban Development that are no longer operative. 24 C.F.R. Ch. X, Part 1710, App. A, Part IV(b) (1989), reserved by 79 FR 34224-01. In spite of this, we cannot find any reason to alter our analysis or interpretation of the Disclosure Act.

[6] Section 17. "If Seller for any reason cannot construct or complete the Premises due to any present or future rules, regulations or restrictions by Federal, State, Municipal Governments, or any agency thereof or if the terms of this Agreement do not comply with such rules or regulations, or if Seller cannot complete the Premises by reasons by unanticipated surface or subsurface drainage and/or latent conditions at the site or as a result of any conditions beyond Seller's control or as a result in change in circumstances occurring after the date of this Agreement that would impose a severe hardship on Seller, Seller shall have the right to cancel this Agreement upon written notice to Buyer, delivered prior to Settlement, in which event Seller shall return to Buyer without interest, the full deposit of monies, including monies paid for options, and in such event Seller

They focus on the disjunctive language in these provisions and place a heavy emphasis on the words "for any reason" in section 17. From their perspective, this phrase permitted the Sellers to essentially breach at will without incurring any damages. We disagree.

Our reading of the sales agreement aligns with the District Court's interpretation. Buyers emphasize the words "for any reason" but ignore the word "due" that closely follows, and is critical to properly understanding the paragraph. The District Court correctly interpreted the conditions, particularly in section 17, as referring to circumstances that are beyond the Sellers' control. This is consistent with the intent of the Disclosure Act. *See id.* (noting that providing only a deposit refund for circumstances within the control of the Seller is not within the scope of the exemption). The conditions do not limit the Buyers' right to remedies in other situations where the Sellers would fail to close at settlement. The agreement does not give Sellers the unbridled discretion that the Buyers assert. We are not persuaded by what is, at best, a strained reading of the agreement. We conclude that the District Court did not err by concluding that the conditions set out in section 2 and section 17 of the sales agreement did not render an illusory promise of specific performance. Section 2 satisfies the requirement of the two-year exemption under the Disclosure Act.

Buyers next contend, citing to *Gentry v. Harborage Cottages-Stuart, LLLP,* 654 F.3d 1247, 1257 (11th Cir. 2011), that the Sellers have the obligation to prove that the

shall have no further liability whatsoever to Buyer." District Court Docket, 2:13-cv-01501-GP, Doc. 3-2, pg. 14.

specific performance language in section 2 served a legitimate business purpose and was not written into the agreement for the purpose of evading the requirements of the Act. However, the District Court referenced an opinion from the Court of Appeals for the Eighth Circuit. *Atteberry v. Maumelle Co.*, 60 F.3d 415, 421 (8th Cir. 1995). There, the court ruled that the plaintiff-homeowners have the burden of proving that, when defendant-developer inserted language into the agreement exempting them from the Disclosure Act, defendant "acted with fraudulent intent, *i.e.,* that at the time of contracting they did not intend . . . to fulfill its obligations under the building provision." *Id*. We conclude that the District Court did not err by placing the burden of sufficiently alleging fraud on the plaintiff-homeowners.[7]

Finally, we conclude that the District Court did not err by ruling that the Buyers failed to adequately plead or argue such a claim. Before the District Court, Buyers relied only upon the alleged illusory nature of the specific performance obligation and their assertion that, as the agreement was written, they were without any actual relief beyond the return of deposit monies. Beyond this unconvincing assertion, Buyers provided the

---

[7] As we stated, only an unreasonably strained interpretation of the contract supports the Buyers' contention that the Sellers could breach "at will." Moreover, the Buyers readily admit that they have remedies for their state law claims in state court. We are confident that confining the meaning of the phrase "adopted for the purpose of evasion of this chapter" to focus upon bad-faith use of the enumerated exceptions is a proper and just application of the Act in this case. We also are convinced that the interests of justice are served in this case by requiring the Buyers to do more than merely raise a specter of bad faith conduct regarding the Disclosure Act where their complaint and their pleadings before the District Court lack any indicia of malfeasance regarding the Act.

6

District Court with no basis on which a claim of evasion could be based.  Accordingly, for all of these reasons, we will affirm the order of the District Court.