**Ronald K.M. WILLIAMS**

v.

**DISCOVERY DAY SCHOOL, Jay Seid, Carol Rabe and Donna Bonfigido–Knoll.**

**Civil Action No. 95–6656.**

United States District Court, E.D. Pennsylvania.

May 1, 1996.

Ronald K.M. Williams, Northwest Legal Center, P.C., Philadelphia, PA, Pro Se.

Jeffrey P. Wallack, Drinker Biddle & Reath, Philadelphia, PA, for Defendants.

## MEMORANDUM

JOYNER, District Judge.

Before this Court is Defendants Discovery Day School, Jay Seid, Carol Rabe and Donna Bonfigido–Knoll's Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff Ronald K.M. Williams is a lawyer, but represents himself pro se in this action. Plaintiff's Second Amended Complaint alleges that he is the father of a child who is enrolled at the Discovery Day School located within the federal office building in Philadelphia. In September 1995, Plaintiff went to the School by appointment to review his son's educational records, but when he arrived, the site supervisor contacted agents of

the Federal Protective Service of the General Services Administration and had him escorted from the building. As a result, Plaintiff was unable to review his son's records. A few days later, the School apologized to Plaintiff, but still refused to release the records to him because of his son's mother's objections. Accordingly, Plaintiff brought this lawsuit.

In January, 1996, Defendants' counsel contacted Plaintiff and told him that he could review his son's records at counsel's office. When Plaintiff arrived, he discovered that the records had been redacted to such an extent that they were meaningless. Plaintiff amended his complaint to include a claim based on this incident. In total, Plaintiff makes six claims:

(1) violation of his First Amendment Rights to associate with and be a viable part of the development of his child;

(2) violation of his Fourteenth Amendment liberty interest in caring for, nurturing and developing his child;

(3) violations of his civil rights under 42 U.S.C. § 1983 by denying him his liberty interest in caring for, nurturing and developing his child as well as the statutory rights conferred by the Family Educational Rights and Privacy Act, (FERPA) 20 U.S.C. § 1232g (1990 & Supp.1995);

(4) declaratory judgment pursuant to 28 U.S.C. § 2201;

(5) intentional infliction of emotional harm by using federal agents to escort him from the building while he was in clergical attire and

(6) interference with custodial rights pursuant to Pa.Cons.Stat.Ann. § 5309.

**Standard of Review**

■ In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir.1990). The Court must accept as true all of the allegations in the pleadings and must give the plaintiff the benefit of every favorable inference that can be drawn from those allegations. *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991); *Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir.1990). A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of its claim which would entitle it to relief. *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir.1988).

**Discussion**

*1. Federal or State Action*

Defendants argue that Counts One, Two, Three and Four must be dismissed because no defendant is either a federal or state actor. It is undisputed that the First Amendment only restricts actions by the federal government and that the Fourteenth Amendment and 42 U.S.C. § 1983 only restrain the actions of state actors. U.S. Const. amend. I (restrains Congress only); U.S. Const. amend. XIV, § 1 ("No State shall . . ."); 42 U.S.C. § 1983 ("under color of any statute . . . of any State"). Further, a court only has jurisdiction over a claim under the Declaratory Judgment Act if the claimant proffers an independent source of jurisdiction. 28 U.S.C. § 2201. Therefore, to proceed on these claims, Plaintiff must adequately allege that Defendants are both federal and state actors.

The parties agree, first of all, that all Defendants are private entities. Second, that private entities may be considered federal actors in certain circumstances. Third, the parties agree that the same standard is applied to make these determinations and even agree as to what that standard is.

■ Courts apply a two part test, asking whether (1) the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in federal or state authority and (2) whether the private party charged with the deprivation can be described in all fairness as a federal or state actor. *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614, 620, 111 S.Ct. 2077, 2082–83, 114 L.Ed.2d 660 (1991); *Lugar v.*

*Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73 L.Ed.2d 482 (1982).

Courts frequently look to whether there is a "symbiotic relationship" between the government and the private entity. *Burton v. Wilmington Parking Auth.,* 365 U.S. 715, 725, 81 S.Ct. 856, 861–62, 6 L.Ed.2d 45 (1961). So, a private contractor is not considered a government actor simply because 100% of its work is done on contract to that government. *Rendell–Baker v. Kohn,* 457 U.S. 830, 841, 102 S.Ct. 2764, 2771, 73 L.Ed.2d 418 (1982). Nor is a private actor converted to public simply because it receives almost all its funding from the government. *Id.* This is so even if the private entity provides a valuable or essential service to the government. *Id.* at 842, 102 S.Ct. at 2772.

Courts have stressed that it is not just regulation, assistance or acceptance by the government that creates a symbiotic relationship. Rather, one is found if the government "encourages or coerces a private party to act in a manner that deprives a plaintiff of a constitutional right." *Denchy v. Education & Training Consultants,* 803 F.Supp. 1055, 1060–61 (E.D.Pa.1992).

As an example, the Third Circuit has found such a relationship between the state and the University of Pittsburgh and Temple University. *Krynicky v. University of Pittsburgh,* 742 F.2d 94 (3d Cir.1984), *cert. denied,* 471 U.S. 1015, 105 S.Ct. 2018, 85 L.Ed.2d 300 (1985). The Court relied on the facts that, for example, both universities were established by state statute to be state instrumentalities, one-third of their trustees were selected by the state, they were entitled to annual appropriations of state funding and their tuitions were set by the state. *Id.* at 101–02.

#### A. Federal Action

■ Plaintiff contends that the above first prong is easily met because his claim is premised on violations of a federal statute, *i.e.* FERPA. He also contends that the second prong is easily met because there is a symbiotic relationship between the Defendants and the federal government because Defendants receive financial and physical support from the federal government.

Indeed, the Discovery Day School is a facility that is authorized to be established by the Secretaries of Education and Health and Human Services and is located on federal property. 20 U.S.C. §§ 2564, 3477. In addition, the facility is allegedly subject to federal supervision and management and exists solely to serve and benefit the federal government's employees. Most telling, Plaintiff charges that Defendants used the services of federal employees to directly assist them in depriving him of his rights when he was escorted from the building. All these factors, he argues, go to show a symbiotic relationship and make Defendants federal actors for the purposes of his First Amendment claim.

Upon careful review, we find that Plaintiff has not adequately pleaded facts to indicate that Defendants are federal actors. First, although Defendants do not address it, we find that Plaintiff's alleged constitutional deprivation does not result from the exercise of a right or privilege having its source in federal authority. Plaintiff contends that Defendants violated FERPA when they refused to give him access to his son's records, however, there is no allegation that Defendants based their decision or their powers on FERPA in any way.

Second, Plaintiff has not alleged facts sufficient to show a symbiotic relationship. The School is, in fact, authorized by Congress and the federal agencies are authorized to set the School's tuition. 20 U.S.C. §§ 2564; 3477. The agencies are also, however, not permitted to use any appropriated funds to support the School, and if they provide any start-up equipment, they must be reimbursed within ten years. There are no allegations nor legal support to indicate that the federal government engages in hiring, "nuts and bolts" management, or is even obligated in any way to continue to utilize Defendants' services. Accordingly, Plaintiff's allegations simply do not rise to the level of involvement present in a case like *Krynicky.*

Plaintiff's best argument in support of a symbiotic relationship is his allegation that federal employees acted at Defendants' behest. In *Adickes v. S.H. Kress,* 398 U.S. 144,

90 S.Ct. 1598, 26 L.Ed.2d 142 (1985), the Supreme Court held that if a private party had conspired with a state agent to deprive someone of his or her civil rights, then the private action would be considered state action. We do not see such facts here. There is no allegation that the federal agents involved here were aware of the alleged illegality of their or Defendants' actions, and without such awareness, there is no claim under *Adickes*.

The question is whether, in fairness, this private entity should be considered a government actor. Plaintiff does not allege, nor can we infer, that the federal government encouraged or coerced Defendants' actions, or indeed, was even aware of Defendants' actions. Accordingly, we find that there is no set of facts which would entitle Plaintiff to relief, and therefore, we grant the Motion to dismiss Count I and associated claims in Count IV.

### B. State Actor

■ Plaintiff contends that Defendants should also be considered state actors. He asserts that the education of children has long been "the exclusive prerogative of the state." To serve that purpose, the state has instituted numerous regulations that "carefully and completely circumscribe[ ] the manner in which such institutions may function." The Second Amended Complaint alleges that the Defendants, at all times, perform an important state function and are subject to the regulation, operation, control, financial support and direction of the state and its agencies and are subject to its review, inspection and termination.

Due to this pervasive regulation and the state's keen interest in the education and health of its children, Plaintiff charges that there is a symbiotic relationship between the state and the Defendants. He analogizes this case to *Krynicky*, 742 F.2d at 102.

In contrast, Defendants assert that there is no such symbiotic relationship. They point to cases where courts have held that a private school, even if providing an important state function, even if receiving its funding from the state and even if heavily regulated by the state, is not a state actor. *Rendell–*

*Baker*, 457 U.S. at 840–43, 102 S.Ct. at 2770–73; *Denchy*, 803 F.Supp. at 1061–62; *Smith v. Duquesne Univ.*, 612 F.Supp. 72, 75–78 (W.D.Pa.1985), *aff'd*, 787 F.2d 583 (3d Cir. 1986). Defendants distinguish *Krynicky* on the basis that there, many other factors existed, for example; the state chose many of the trustees, the state set the school's tuition, the school was specifically designated a state instrumentality and the state's funding to the school was guaranteed unless the state legislature acted to terminate it.

Here, Plaintiff has not alleged facts, nor does it appear he could, that the state is responsible for choosing any of the School's officers or agents, as opposed to setting minimum standards for them, nor is the state responsible for setting the School's tuition, not required to fund the School absent an act of the state legislature, nor any of the other features that set Temple and University of Pittsburgh apart from Duquesne University. *Compare Krynicky*, 742 F.2d at 102 *with Smith*, 612 F.Supp. at 77–78 (Temple a public actor, Duquesne a private actor). For these reasons, we find that Plaintiff has failed to allege facts that if true, would entitle him to relief and we therefore dismiss Counts Two and Three and the rest of Count Four.

### 2. State Claims

Count Five of the Second Amended Complaint asserts a claim for intentional infliction of emotional distress and Count Six asserts that Defendants interfered with his custodial rights. We dismiss these two state claims on the ground that, having dismissed the federal causes of action, supplemental jurisdiction is no longer appropriate. 28 U.S.C. § 1367(c)(3).

An appropriate Order follows.

### ORDER

AND NOW, this 1st day of May, 1996, upon consideration of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and responses thereto, the Motion is hereby GRANTED and Plaintiff's Second

Amended Complaint is hereby DISMISSED with prejudice.