FAMOLOGY.COM INC., et al.

v.

PEROT SYSTEMS CORP.

No. CIV. A. 00–2363.

United States District Court,
E.D. Pennsylvania.

June 21, 2001.

Steven Weber, Harleysville, PA, pro se.

Anthony J. De Gidio, Calamunci, Groth, Joelson & Manore, Toledo, OH, for Steven Weber, Famology.com Inc., and Domainsale.

William R. Grimm, Hinckley, Allen & Snyder, Boston, MA, for Steven Weber.

Arthur H. Seidel, Drinker, Biddle & Reath LLP, Philadelphia, PA, for Sadd, Inc.

Allison M. Meade, Hangley, Aronchick, Segal & Pudlin, Philadelphia, PA, John W. Patton, Hughs & Luce LLP, Dallas, TX, for Perot Systems Corporation.

## MEMORANDUM AND ORDER

HUTTON, District Judge.

Presently before this Court are Defendant's Motion to Dismiss Counts Two, Three, Four and Five of Plaintiffs' Complaint (Docket No. 14), Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss (Docket No. 17) and Defendant's Reply Brief in Support of its Motion to Dismiss (Docket No. 18). For the following reasons, Defendant's Motion is **GRANTED in part and DENIED in part.**

## I. *BACKGROUND*

Perot Systems Corporation ("Defendant") is a company that provides various consulting services to businesses. Defendant initiated arbitration against Steven Weber and Domainsale, Plaintiffs, pursuant to the Uniform Domain Name Dispute Resolution Policy to obtain the "ROSSPEROT.COM" domain name. *See* Fist Am. Compl. ¶¶ 68–69, 73. This arbitration is part of the procedure established to deal with trademark related domain name disputes. *See id.* 33–39. Defendant won the arbitration. *See id.* 68–69. Plaintiffs have sought to challenge the arbitration result by filing suit, first in the United States District Court for the District of Northern Ohio, and after that Court denied Plaintiffs' emergency TRO, in this Court. *See id.* 75–76.

Plaintiffs assert a claim for declaratory relief and a variety of state law claims against Defendant. In this Motion, Defendant requests that the Court dismiss Plaintiffs' claims for conversion, abuse of process, tortious interference with contractual relations and "unfair competition by trademark misuse" for failure to state a claim upon which relief can be granted.

## II. *STANDARD OF REVIEW*

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6)[1], this Court must "accept as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) ... is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990) (citing *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988)); *see also H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). A court will only dismiss a complaint if " 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *H.J. Inc.*, 492 U.S. at 249–50, 109

---

1. Rule 12(b)(6) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted...." FED.R.CIV P. 12(b)(6).

S.Ct. 2893. Nevertheless, a court need not credit a plaintiff's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *See Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir.1997). Moreover, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). The Federal Rules of Civil Procedure do not, however, require detailed pleading of the facts on which a claim is based. Instead, all that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief," enough to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Fed.R.Civ.P. 8(a)(2) (West 2000).

## III. *DISCUSSION*

Defendant's Motion asserts that Counts Two, Three, Four and Five of Plaintiffs' Complaint should be dismissed for failure to state a claim. Each Count is discussed in turn below.

### A. *Count II: Conversion*

Count II of Plaintiffs' Complaint alleges a cause of action for conversion. *See* Pls.['] Compl. ¶ 124–36. The Complaint states that Defendants have asserted dominion and control over certain domain names under false claims of ownership. *See* Pls.['] Compl. ¶ 125. The Complaint further alleges that Plaintiffs have been damaged by these actions because they had to incur legal expense to regain the property and clear title to it and they have been deprived of the opportunity to sell, lease, transfer or use the domain names. *See id.* ¶ 131.

■ Under Pennsylvania law, conversion is a tort by which the defendant deprives the plaintiff of his right to a chattel or interferes without the plaintiff's consent and without lawful justification. *See Chrysler Credit Corp. v. Smith,* 434 Pa.Super. 429, 643 A.2d 1098, 1100 (1994); *Northcraft v. Michener,* 319 Pa.Super. 432, 439, 466 A.2d 620 (1983). The Pennsylvania Superior Court has recognized that various forms of property are capable of being converted. *See Northcraft,* 319 Pa.Super. at 440, 466 A.2d 620 (citing cases). The *Northcraft* Court cited one commentator who noted that "[t]he process of expansion has stopped with the kind of intangible rights which are customarily merged in, or identified with some document." *See id.* at 441, 466 A.2d 620 (citing Prosser and Keeton on the Law of Torts, § 15, at 82–83 (4th ed.1971)).

■ Plaintiff notes Pennsylvania law does not preclude a finding that domain names can be converted; however, Plaintiff fails to point to any authority in Pennsylvania that would allow such a finding. The Court under these circumstances is guided by the limitation noted by the Pennsylvania Superior Court. That limitation is that the process of expanding the types of property that may be converted has stopped with the kind of intangible rights which are customarily merged in, or identified with some document.

Here, Plaintiffs' concede that domain names are not the kind of intangible rights which are customarily merged in, or identified with some document. *See* Pls.['] Memo. in Opposition to Def.['s] Mo. to Dismiss, at 6–10. In addition, Pennsylvania has not recognized this cause of action. Based on these reasons, Defendant's motion to dismiss this count of Plaintiffs' Amended Complaint must be granted.

### B. *Count III: Tortious Interference with Contractual Relations*

██ Plaintiffs' Third Count alleges a claim against Defendant for tortious interference with Plaintiffs' current and prospective business relations. *See* Pls.['] First Am. Compl. ¶¶ 137–44. Under Pennsylvania law, in order to succeed on a claim for tortious interference with current contractual relations, a plaintiff must establish: (1) the existence of a contractual relationship; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of a privilege or justification for such interference; and (4) damages resulting from the defendant's conduct. *See Triffin v. Janssen*, 426 Pa.Super. 57, 626 A.2d 571, 574 (1993). In addition, a claim for intentional tortious interference with prospective contractual relationships requires that a plaintiff establish (1) a prospective contractual relation; (2) the purpose or intent to harm the plaintiff by preventing the relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from the defendant's conduct. *See Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 208, 412 A.2d 466 (1979); *see also Nathanson v. Medical College of Pennsylvania*, 926 F.2d 1368, 1392 (3rd Cir.1991).

██ Plaintiffs' amended complaint alleges that "Plaintiffs are currently restrained from entering into registration contracts with any registrar due to the current hold on the domain name ... [and] Plaintiffs are further restricted from selling domain names." *See* First Am. Compl. ¶ 139. The Complaint further alleges that "Defendants initiated the arbitration with the intent to take Plaintiff's property for free or for a favorable price, and thus deny him the commercial benefit of this property."

*See id.* In addition, the Complaint alleges that "Plaintiffs have the right to use these domain names and these right would have continued unabated but for the wrongful, tortious acts of Defendants and their attorneys directed at intentionally interfering with Plaintiffs' rights by causing NSI to suspend Plaintiff's full use of the domain names." *See id.* ¶ 140. Further, the Complaint alleges that Defendant knew "that '.com' domain names are typically used for commercial purposes yet prevented the Plaintiffs from pursuing those commercial relationships by their hold and transfer of the names." *See id.* ¶ 141.

As noted above, dismissal under Rule 12(b)(6) is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved. *See Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir.1990). Looking at the facts pleaded in the Complaint, the Court concludes that Defendant has not established that no relief could be granted under these facts taken as true. Accordingly, the Court denies Defendant's motion to dismiss Count III.

### C. *Count IV: Unfair Competition by Trademark Misuse: Cyberbullying*

██ In Count IV of Plaintiffs' First Amended Complaint, Plaintiffs allege an admittedly new and unrecognized cause of action: cyberbullying. *See* First Am. Compl. ¶¶ 147–48. Plaintiff has failed to point the court to a single case in which an American court has used trademark misuse affirmatively. Several courts have noted that trademark misuse is not an independent cause of action, but is, instead, only an affirmative defense to a trademark infringement claim. *See Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F.Supp.2d 823, 830 (E.D.Va. Jan.10 2001); *Juno Online Services, L.P. v. Juno Lighting, Inc.*, 979 F.Supp. 684, 685–87 (N.D.Ill.

1997) (noting that trademark misuse has never been permitted as an affirmative claim). Because "trademark misuse" is not an affirmative cause of action, the Court grants Defendant's motion to dismiss Count V of the Plaintiffs' Complaint for failure to state a claim.

### D. *Count V: Abuse of Process*

■ In Count V of Plaintiffs' First Amended Complaint, Plaintiffs allege abuse of process. *See* First Am. Compl. ¶¶ 165–72. Plaintiffs allege that while Defendants had probable cause to file arbitration, Defendant perverted the arbitration process by using the arbitration procedure to "take away a domain name and provide it to another. . . ." *See id.* 166–67. Under Pennsylvania law, the "tort of 'abuse of process' is defined as the use of legal process against another 'primarily to accomplish a purpose for which it is not designed.'" *See Shiner v. Moriarty,* 706 A.2d 1228, 1236 (Pa.Super.1998). "To establish a claim for abuse of process it must be shown that the defendant (1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." Looking at the facts pleaded in the Complaint, the Court concludes that Defendant has not established that no relief could be granted under these facts taken as true. Accordingly, the Court denies Defendant's motion to dismiss Count V.

An appropriate Order follows.